# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Richard, 2012 IL App (5th) 100302**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CURTIS J. RICHARD, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-10-0302 |
| Rule 23 Order filed<br>Motion to publish granted | May 7, 2012<br><br>June 7, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The order denying defendant's motion to withdraw his guilty plea to first-degree murder was vacated and the cause was remanded for compliance with the certification requirement of Supreme Court Rule 604(d), since the certification filed by defendant's counsel stating that he ascertained defendant's "contentions of deprivation of constitutional rights" was insufficient to satisfy the requirement of Rule 604(d) that counsel ascertain "defendant's contentions of error in the sentence or the entry of the plea of guilty," especially when there was no evidence that defense counsel ascertained defendant's nonconstitutionally based contentions of error. |
| Decision Under Review | Appeal from the Circuit Court of St. Clair County, No. 05-CF-73; the Hon. Annette A. Eckert, Judge, presiding. |
| Judgment | Vacated and remanded. |

| Counsel on Appeal | Michael J. Pelletier, Johannah B. Weber, and Dan W. Evers, all of State Appellate Defender's Office, of Mt. Vernon, for appellant. |
| | |
| | Brendan Kelly, State's Attorney, of Belleville (Patrick Delfino, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE WELCH delivered the judgment of the court, with opinion. |
| | Justices Goldenhersh and Chapman concurred in the judgment and opinion. |

## OPINION

¶ 1    This case comes before us on the denial of the defendant's motion to withdraw his negotiated plea of guilty and the circuit court's refusal to rule on the defendant's oral motion to reconsider his sentence. On appeal, the defendant argues that the certification requirement of Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) was not met and that the circuit court of St. Clair County erred in refusing to rule on his motion to reconsider his sentence. For the reasons that follow, we vacate the order denying the motion to withdraw the guilty plea and remand for compliance with the certification requirement of Rule 604(d).

¶ 2    On January 14, 2005, the defendant was charged with one count of first-degree murder in violation of section 9-1(a)(1) of the Criminal Code of 1961 (720 ILCS 5/9-1(a)(1) (West 2004)). The charge alleged that the defendant shot Ronald Curtis in the chest with a gun with the intent to kill on December 29, 2004. An indictment charging the same offense was filed on February 4, 2005.

¶ 3    The State filed a notice of intent to seek an enhanced sentence of natural-life imprisonment pursuant to section 5-8-1(a)(1) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1) (West 2004)). Subsequently, the defendant entered into a negotiated plea of guilty to the charge of murder in the first degree. In exchange for the defendant's guilty plea, the State withdrew its notice of intent to seek an enhanced sentence and capped its requested sentence at 55 years' imprisonment, 5 years below the maximum possible sentence. The court sentenced the defendant to 55 years' imprisonment.

¶ 4    The defendant then filed a motion to withdraw his guilty plea, arguing that his plea was not free and voluntary, the court was biased against him, and his sentence had been predetermined. The motion was denied and the defendant appealed. This court remanded for compliance with the certification requirement of Illinois Supreme Court Rule 604(d) (eff. July 1, 2006). *People v. Richard*, No. 5-07-0004 (2008) (unpublished summary order under Supreme Court Rule 23(c)(2)). The defendant was assisted by different counsel on remand.

¶ 5 On May 15, 2009, defense counsel filed an amended motion to withdraw the defendant's guilty plea along with a Rule 604(d) certificate of compliance. A second amended motion and certificate were filed on June 4, 2009, and a third amended motion and certificate were filed on March 24, 2010. The third amended certificate provided:

> "2. That I have examined the entire record of the plea, sentencing, Motion to Withdraw Plea of Guilty and Appellate Court Decision.
>
> 3. That I have made any amendments in the Third Amended Motion to Withdraw Plea of Guilty and to the Amended Motion to Withdraw Plea of Guilty, filed pro-se, that are necessary for adequate presentation of Defendant's contentions.
>
> 3. [*sic*] That I have made any amendments to the Amended Motion to Withdraw Plea of Guilty, filed pro se, that are necessary for adequate presentation of Defendant's contentions.
>
> 4. That I consulted with Defendant by correspondence to him dated September 5, 2008, December 31, 2008, January 15, 2009, and April 29, 2009 to ascertain his contentions of deprivation of constitutional rights.
>
> 5. That I reviewed correspondence from Defendant dated September 30, 2008, and April 28, 2009 to ascertain his contentions of deprivation of constitutional right.
>
> 6. That I met with Defendant personally on November 19, 2008, and February 17, 2010 to ascertain his contentions of deprivation of constitutional rights.
>
> 7. That this certificate is in compliance with Supreme Court Rule 604(d)."

¶ 6 An evidentiary hearing on the third amended motion to withdraw the plea of guilty was held on June 3, 2010. In addition to arguing the merits of the motion to withdraw, defense counsel orally requested that the defendant's sentence be reconsidered. The court denied the motion to withdraw the plea of guilty and stated that it did not have the authority to rule on the motion to reconsider the sentence. The defendant appeals.

¶ 7 The defendant makes two arguments on appeal: (1) that counsel's third certification did not meet the requirements of Rule 604(d) and (2) that the circuit court erred in declaring that it did not have authority to rule on the motion to reconsider the sentence. We will address these issues in turn.

¶ 8 The defendant claims that counsel's Rule 604(d) certificate was defective in three ways. First, the defendant argues that counsel's certification that he ascertained the defendant's "contentions of deprivation of constitutional rights" does not meet the rule's requirement that the "defendant's contentions of error in the sentence or the entry of the plea of guilty" be ascertained (Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). Second, the defendant argues that counsel's representation that he reviewed "the entire record of the plea, sentencing, Motion to Withdraw Plea of Guilty and Appellate Court Decision" is insufficient to meet the rule's requirement that counsel examine "the trial court file and report of proceedings of the plea of guilty" (Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). Third, the defendant argues that presentation of "Defendant's contentions" does not meet the rule's requirement that counsel present "any defects in those proceedings" (Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). In response, the State argues that while the certificate does not recite the language of Rule

604(d) verbatim, the requirements of the rule have been met.

¶ 9       Supreme Court Rule 604(d) requires the filing of a certificate by postplea counsel stating that counsel "has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Adequacy of a Rule 604(d) certificate is reviewed *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007).

¶ 10      Rule 604(d)'s certification requirement acts as a basis upon which the court can determine whether counsel performed the duties set forth by the rule. *People v. Starks*, 344 Ill. App. 3d 766, 769-70 (2003). "By promulgating Rule 604(d), the Supreme Court of Illinois has already determined the required content of the certificate, and it is the duty of this court–and the trial courts–to ensure that this supreme court mandate is followed." *Grice*, 371 Ill. App. 3d at 816. Counsel must strictly comply with Rule 604(d). *People v. Janes*, 158 Ill. 2d 27, 33 (1994). While strict compliance does not require that the language of the rule be recited verbatim in the certificate, some indication must be presented that counsel performed the duties required under the rule. *People v. Dismuke*, 355 Ill. App. 3d 606, 609 (2005). This court cannot simply assume or infer compliance with Rule 604(d), because any issue not raised in the motion to withdraw the guilty plea or motion to reconsider the sentence is waived. Ill. S. Ct. R. 604(d) (eff. July 1, 2006); *People v. Prather*, 379 Ill. App. 3d 763, 768 (2008). "[A] waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine whether that attorney actually complied with Rule 604(d) ***." *Dismuke*, 355 Ill. App. 3d at 609. Remand is required where counsel fails to strictly comply with the requirements of Rule 604(d). *Prather*, 379 Ill. App. 3d at 768.

¶ 11      The defendant first argues that counsel's certification that he ascertained the defendant's "contentions of deprivation of constitutional rights" is insufficient to meet Rule 604(d)'s requirement that counsel ascertain "defendant's contentions of error in the sentence or the entry of the plea of guilty" (Ill. S. Ct. R. 604(d) (eff. July 1, 2006)). We agree with the defendant.

¶ 12      Rule 604(d) requires that counsel determine the defendant's contentions of error in the sentence or the plea of guilty; the rule does not require that those claims impact the defendant's constitutional rights. While arguments are made that each of the defendant's claims of error in the sentence and the entry of the plea of guilty in the instant case has a constitutional basis, thus making counsel's certification sufficient, this circumvents the purpose of Rule 604(d).

¶ 13      In *People v. Prather*, 379 Ill. App. 3d 763 (2008), the Fourth District held that counsel's certification that he ascertained the defendant's contention of "error and sentence" was insufficient to meet the requirements of Rule 604(d). 379 Ill. App. 3d at 768. "The statement that counsel ascertained defendant's contention of 'error and sentence' may have omitted words intending 'error in the guilty plea and sentence' or may have mistyped a word intending 'error in sentence.' We cannot be sure therefore whether counsel ascertained

defendant's contentions of error in the guilty plea hearing as well as in the sentence." 379 Ill. App. 3d at 768.

¶ 14 In the instant case, there is no evidence in the certificate, motion, or record that counsel ascertained the defendant's nonconstitutionally based contentions of error in the sentence or the entry of the plea of guilty. Thus, it is not clear that counsel ascertained the defendant's contentions of error in the sentence and entry of the plea of guilty and then determined that all of those contentions had constitutional bases.

¶ 15 Because Rule 604(d) requires strict compliance and because that compliance is visible neither on the face of the certification nor in our review of the record, we find the certification to be insufficient to meet the requirement of Rule 604(d). Counsel must make clear to the court that he ascertained the defendant's contentions of error in sentence or the entry of the plea of guilty; it is not this court's duty to determine whether, because of counsel's poor terminology, an argument could be made that a certificate is sufficient. See *Prather*, 379 Ill. App. 3d at 768. As such, we find the counsel's third certification to be insufficient to meet the requirements of Rule 604(d).

¶ 16 Accordingly, we vacate the circuit court's judgment regarding Rule 604(d) compliance and remand for compliance with the certification requirement of Rule 604(d). We decline the opportunity to address the two additional Rule 604(d) arguments made by the defendant on appeal. In so doing, however, we do not intend to imply that the remainder of counsel's Rule 604(d) certificate is satisfactory. We remand for (1) the filing of a new postplea motion (if the defendant so wishes), (2) a new hearing on the defendant's postplea motion, and (3) strict compliance with Rule 604(d) requirements.

¶ 17 Next, we turn to the second issue on appeal. At the June 3, 2010, hearing, the circuit court ruled:

"In this case, the Court does find that the State capped at 55 years, giving up five years. Pursuant to the rule, it is a negotiated plea. Pursuant to those rules also and the admonishment that this court gave, the Court cannot modify a sentence after there is a negotiated plea of guilty, but rather the defendant must proceed with a motion to withdraw plea of guilty. That is what has been filed in this case. The Court can only consider that. Therefore, the motion to reduce the sentence or modify it in any way is denied.

As to the motion to withdraw the plea of guilty, the Court has considered the transcript of the proceedings. The Court has considered the testimony today. The Court has considered the arguments of counsel and will deny the motion to withdraw the plea of guilty."

¶ 18 On appeal, the defendant takes issue with the circuit court's statement that "the Court cannot modify a sentence after there is a negotiated plea of guilty, but rather the defendant must proceed with a motion to withdraw plea of guilty." The issue before us is whether a circuit court has the authority to reconsider a defendant's negotiated-cap sentence when the guilty plea has not been successfully withdrawn. For the reasons that follow, we find that it does not.

¶ 19 Because the issue before us hinges on the construction of Supreme Court Rule 604(d),

the issue is reviewed *de novo*. *People v. Drum*, 194 Ill. 2d 485, 488 (2000). Rule 604(d) provides:

> "(d) Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty. No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. *No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment. For purposes of this rule, a negotiated plea of guilty is one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending.*" (Emphasis added.) Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

¶ 20    In *People v. Evans*, 174 Ill. 2d 320 (1996), two defendants had entered into fully negotiated pleas whereby certain charges were dismissed and specific sentences were recommended. 174 Ill. 2d at 321-24. The defendants then sought to have their sentences reconsidered without withdrawing their guilty pleas. The defendants argued that the "motion to reconsider the sentence, if only the sentence is being challenged" language of Rule 604(d) supported their position. (Emphasis omitted.) (Internal quotation marks omitted.) 174 Ill. 2d at 328.

¶ 21    In finding the "motion-to-reconsider" language applicable only to open guilty pleas, the supreme court relied on contract law principles in plea bargaining. 174 Ill. 2d at 325-28. Because the defendants pled guilty in exchange for specific sentences, by later seeking to have their sentences reconsidered, the defendants were "seeking to hold the State to its part of the bargain while unilaterally modifying the sentences to which they had earlier agreed." 174 Ill. 2d at 327. The *Evans* court stated that to permit the defendants' actions "would be to 'encourage gamesmanship of a most offensive nature' [citation]." 174 Ill. 2d at 327. The court also found that for a defendant to prevail in a challenge to a sentence imposed pursuant to a negotiated plea agreement, the defendant must (1) move to withdraw the guilty plea and vacate the judgment and (2) show that the granting of the motion is necessary to prevent a manifest injustice. 174 Ill. 2d at 332.

¶ 22    *Evans* was subsequently extended to partially negotiated pleas with sentencing caps in *People v. Linder*, 186 Ill. 2d 67 (1999). In *Linder*, the supreme court held that a defendant who pled guilty in exchange for dismissal of charges and a cap on the length of his sentence could not challenge the sentence via a motion to reconsider; instead, a motion to withdraw the guilty plea must first be filed. 186 Ill. 2d at 74. "By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive." 186 Ill. 2d at 74. "While the defendant may not like the sentencing court's ultimate disposition, that is a risk he assumes as part of his bargain." 186 Ill. 2d at 74.

¶ 23    In *People v. Haley*, 315 Ill. App. 3d 717 (2000), a defendant pled guilty in exchange for

the State's dismissal of other charges and a recommended maximum sentence of 24 years' imprisonment. 315 Ill. App. 3d at 718. The circuit court accepted the defendant's plea and sentenced him to 24 years' imprisonment. 315 Ill. App. 3d at 718. The defendant filed a motion to withdraw his guilty plea, which was denied. 315 Ill. App. 3d at 718. The defendant then appealed, arguing that his sentence was excessive. 315 Ill. App. 3d at 718. The issue before the Third District was whether the defendant may appeal from a sentence imposed pursuant to a capped plea agreement after unsuccessfully moving to withdraw his guilty plea. 315 Ill. App. 3d at 718. The Third District held that the defendant must first succeed in withdrawing his guilty plea before he could challenge the sentence entered pursuant to a negotiated cap. 315 Ill. App. 3d at 720. "[I]f the mere *pro forma* act of *filing* a motion to withdraw were all it took to repudiate a plea agreement and obtain review of the severity of a negotiated sentence, the supreme court would have accomplished very little in deterring the kind of 'heads-I-win-tails-you-lose' gamesmanship decried by the court in *Evans*. [Citation.]" (Emphasis in original.) 315 Ill. App. 3d at 720.

¶ 24    While *Evans*, *Linder*, and *Haley* involve supreme and appellate review of guilty pleas and sentences, their principles apply to the instant case. The main concern when a negotiated guilty plea is challenged is that each party receive the benefit of its bargain. *Evans*, 174 Ill. 2d 320. Because of this concern, a sentence entered pursuant to a negotiated guilty plea cannot be directly challenged as excessive; instead, a motion to withdraw must first be filed. *Evans*, 174 Ill. 2d 320; *Linder*, 186 Ill. 2d 67. Not only must the motion to withdraw the negotiated plea be filed before the sentence can be challenged–it must be granted. *Evans*, 174 Ill. 2d at 332; *Haley*, 315 Ill. App. 3d at 720. Thus, a defendant must succeed in withdrawing his negotiated plea before his sentence, entered within the terms of the agreed-upon cap, can be reviewed by any court.

¶ 25    The language of Rule 604(d) supports this finding. Rule 604(d) was amended after *Haley* to include the second and third sentences (in italics above), which relate to negotiated guilty pleas. Ill. S. Ct. R. 604(d) (eff. Nov. 1, 2000). The amended sentences codified the law previously promulgated by the supreme court, namely, that a sentence entered on a negotiated plea of guilty cannot be reconsidered without a motion to withdraw the guilty plea having first been filed. *Evans*, 174 Ill. 2d 320; *Linder*, 186 Ill. 2d 67. This stands in contrast to the previous version of the rule (which is now the rule's first sentence), which appeared to allow a sentence to be reconsidered without the guilty plea first being withdrawn. This provision, however, was held to be limited to open guilty pleas. *Evans*, 174 Ill. 2d 320. Contrary to the defendant's argument on appeal, nothing in the amended language of Rule 604(d) gives the circuit court authority to modify a sentence that was entered pursuant to a negotiated guilty plea without the court first granting a motion to withdraw the negotiated guilty plea.

¶ 26    Since the circuit court of St. Clair County denied the defendant's motion to withdraw his negotiated guilty plea, it did not err in refusing to address the defendant's motion to reconsider his sentence. To require the circuit court to expressly rule on a motion to reconsider his sentence when it has denied the defendant's motion to withdraw his guilty plea is superfluous.

¶ 27    For the foregoing reasons, we vacate the order denying the motion to withdraw the guilty plea and remand for compliance with the certification requirement of Rule 604(d); no further

proceedings are required on the motion to reconsider the sentence.

¶ 28        Vacated and remanded.