NOTICE
Decision filed 03/06/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 130020

NO. 5-13-0020

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 12-CF-58 |
| | ) | |
| ANTHONY J. WILLIS, | ) | Honorable |
| | ) | Michael D. McHaney, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Stewart and Schwarm concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Anthony J. Willis, appeals from an order of the circuit court of Marion County denying his motion to withdraw his guilty plea to the offense of escape (720 ILCS 5/31-6(a) (West 2012)) and his motion to reduce sentence. Defendant raises three issues on appeal: (1) whether the order denying his motion to withdraw his guilty plea should be reversed because his public defender filed a certificate under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) that was defective on its face and impeached by the record; (2) whether the sentence imposed was disproportionate to the nature of the offense and should be modified; and (3) whether he was denied effective

1

assistance of counsel with respect to his guilty plea, the negotiations leading up to his guilty plea, his motion to withdraw his guilty plea, and his motion for reduction of sentence. We reverse and remand with directions.

¶ 2                                    BACKGROUND

¶ 3     On Thursday, February 23, 2012, defendant pled guilty to the charge of retail theft in case No. 10-CF-207 and was sentenced to 18 months in the Department of Corrections (Department). After the sentencing hearing, defendant's attorney requested defendant be granted a furlough until the following Monday to allow him to spend time with his child. The trial court granted the request, stating, "Mittimus stayed to Monday morning at 9:00 a.m." Defendant then queried, "I have to come back turn myself in at 9:00 a.m.?" His attorney replied, "9:00 a.m. Monday morning." The clerk stated on the record that Monday was "February 27." The trial court warned defendant: "[If you fail to report] there is going to be an escape charge. Your situation goes from bad to disastrous."

¶ 4     Defendant failed to report to the county jail on February 27, 2012, but did report the following Monday, March 5, 2012, on his own volition. Defendant claimed he was confused as to which Monday he was to report. During the one-week delay in reporting, the State charged defendant with the instant offense of escape. The matter was set for jury trial on June 18, 2012.

¶ 5     Prior to the start of trial, the State moved to bar a defense witness on the ground that the defense just disclosed her as a witness and the State did not have time to investigate the witness's record. Defense counsel asserted he experienced difficulty locating the witness and had only located her that day and then asked that the case be

continued because he, too, did not have sufficient time to interview her. The trial court responded that defendant had known of this witness since February 29, 2012, or earlier. Defense counsel then asserted that since defendant had been in prison, he did not have the opportunity to discuss the witness with him. The trial court noted defendant was no stranger to the criminal justice system, stated defendant knew he could have written his attorney, and granted the State's motion to bar the witness from testifying.

¶ 6    Thereafter, defense counsel made an oral motion to substitute the trial judge on the ground that he was the same judge who granted the furlough in No. 10-CF-207, which formed the basis for the circumstances underlying the escape charge. The trial judge denied the motion on the ground that it was not timely filed. Defense counsel responded that a motion to substitute a judge based upon actual prejudice can be brought at any time. Defense counsel explained that while he was aware the case was on the trial judge's calendar, defendant was not aware that the trial judge was going to be the presiding judge until that morning when defendant arrived in court. Defense counsel pointed out that the trial judge was not the trial judge at the pretrial hearing, so defendant was not aware the same judge who granted the furlough would be the judge presiding over his escape trial until that morning. Other discussion and arguments ensued.

¶ 7    Ultimately, the trial court agreed that there was no timeliness issue and said he would "get another judge in here and see if we can nip this in the bud." The trial judge left the courtroom and returned with another judge, Judge Kelly. The trial judge said that all he told Judge Kelly was that he was the one who gave defendant the furlough and defendant was now alleging prejudice. The trial judge then stated on the record he could

3

base his sentencing decision on the statutes and law and he had no personal animosity toward defendant. The trial judge left the courtroom and Judge Kelly heard defendant's motion for substitution. After hearing argument, Judge Kelly summarily denied the motion for substitution of judge, finding no actual prejudice. Defense counsel stated on the record that the trial judge got another judge 40 seconds after he left the courtroom and had "hand selected" the judge to hear the motion for substitution. Judge Kelly stepped out and the trial judge returned.

¶ 8 Defense counsel disclosed that there had been plea negotiations on the escape charge and the State offered three years' imprisonment while defendant countered with two years' imprisonment, after which the State informed him the original offer was revoked. Defendant later made an offer of 30 months, which the State declined. The trial court asked defendant to confirm his counsel's summary of negotiations, and defendant so confirmed.

¶ 9 Following a brief recess, defense counsel stated defendant would make an open plea. The trial court admonished defendant pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 1997). The State recited a factual basis for the guilty plea, after which the trial court found that defendant knowingly and voluntarily pled guilty. The trial court ordered a presentence investigation (PSI). Defendant also submitted a written guilty plea that day.

¶ 10 On July 27, 2012, the trial court conducted a sentencing hearing. The State recommended a sentence of seven years, arguing defendant had 21 prior convictions as an adult, the court had been permissive in granting the furlough, defendant had been

4

advised when he was to report to jail, and it simply was not credible for him to claim he mixed up the dates. Defense counsel noted that defendant turned himself in voluntarily and asked for a sentence of three years. Defendant made a statement in allocution.

¶ 11    The trial court noted that according to the PSI, defendant had 15 prior felony convictions and that the State had made a compelling argument. The trial court sentenced defendant to the maximum 10 years in the Department, with 1 year mandatory supervised release. The trial court said it would assess costs, but declared them uncollectable. A written judgment consistent with the oral judgment was entered.

¶ 12    On August 13, 2012, defense counsel filed a motion to reconsider and reduce sentence. On August 22, 2012, defendant filed a *pro se* motion to withdraw his guilty plea, arguing that since he did not "escape" from a penal institution, he could not be found guilty of escape. On September 7, 2012, the trial court heard the motion to reduce sentence, which was denied. The same defense counsel was appointed to represent defendant on the motion to withdraw his guilty plea.

¶ 13    On December 13, 2012, defense counsel filed a Rule 604(d) certificate in which he stated he had met with defendant regarding "her" contentions of error and "made amendments to the pleadings necessary for adequate presentation of any defects in the proceedings." The next day, the trial court conducted a hearing on the motion to withdraw the guilty plea, during which defense counsel admitted he did not make any amendments to defendant's *pro se* motion, but asserted that the failure of the trial judge to recuse himself was an additional ground on which to permit the guilty plea to be withdrawn.

¶ 14  The State pointed out that while the trial judge's refusal to recuse himself or allow substitution was not included in the motion, it would not object to considering it as an oral amendment to the motion to withdraw.  After brief argument by the State, the trial court summarily denied defendant's motion to withdraw his guilty plea.  Defendant filed a timely notice of appeal.

¶ 15                                          ANALYSIS

¶ 16  The first issue raised on appeal is dispositive.  Defendant contends the trial court's order denying his motion to withdraw his guilty plea should be reversed because his attorney filed a certificate under Supreme Court Rule 604(d) that was defective on its face and impeached by the record.  We agree.

¶ 17  Rule 604(d) provides in relevant part as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  Ill. S. Ct. R. 604(d) (eff. July 1, 2006).

Rule 604(d) requires strict compliance.  *People v. Janes*, 158 Ill. 2d 27, 35, 630 N.E.2d 790, 793 (1994); *People v. Love*, 385 Ill. App. 3d 736, 737, 896 N.E.2d 1062, 1064 (2008).

¶ 18  When ascertaining whether compliance has occurred, we are mindful that supreme court rules "are not suggestions; rather, they have the force of law, and the presumption

6

must be that they will be obeyed and enforced as written." *People v. Campbell*, 224 Ill. 2d 80, 87, 862 N.E.2d 933, 938 (2006). Where counsel fails to strictly comply with the rule, the case must be remanded to the trial court for proceedings in compliance with the rule. *Janes*, 158 Ill. 2d at 33, 630 N.E.2d at 792. Our review is *de novo. People v. Lloyd*, 338 Ill. App. 3d 379, 384, 788 N.E.2d 1169, 1173 (2003).

¶ 19    In the instant case, the record conflicts with the statements in counsel's Rule 604(d) certificate. First, the certificate incorrectly refers to defendant with the feminine pronoun "her." While this by itself might not be sufficient to warrant a remand, its combination with other errors causes us to seriously question whether counsel fulfilled his duties under Rule 604(d).

¶ 20    Second, defense counsel claimed in the certificate that he "made amendments to the pleadings necessary for adequate presentation of any defects in the proceedings" when, in fact, he later admitted on the record he had not made any amendments to any pleadings. This is especially disconcerting because not only did defense counsel make an oral argument that failure of the judge to recuse himself was a ground on which to permit the guilty plea to be withdrawn, but also defendant's *pro se* motion indicates there were other legal arguments that defense counsel should have raised in support of the motion to withdraw his guilty plea. For example, defendant's *pro se* motion indicates defendant failed to understand the nature of the offense of escape.

¶ 21    Defendant asserted that since he literally did not "escape" from a penal institution, he could not be found guilty of escape; however, the standard legal meaning of the word "escape" requires a broader interpretation (*People v. Simmons*, 88 Ill. 2d 270, 273, 430

7

N.E.2d 1032, 1034 (1981)), and section 31-6(a) of the Criminal Code of 2012 under which defendant was charged specifically makes it a criminal offense for a convicted felon to knowingly fail to report to a penal institution when required to do so (720 ILCS 5/31-6(a) (West 2012)). While the State asserts the charge was simple to understand and defendant was well acquainted with the criminal justice system and knew what pleading guilty meant, the record belies the State's assertions. The pleadings should have been amended to reflect that defendant was confused and did not knowingly plead guilty.

¶ 22    Third, the Rule 604(d) certificate merely states that defense counsel examined the "report of proceedings," but fails to specify that he examined the report of proceedings *of the plea of guilty*. The certificate itself must show the defendant's "attorney has examined the report of proceedings of the plea of guilty." *People v. Grice*, 371 Ill. App. 3d 813, 817, 867 N.E.2d 1143, 1147 (2007). Omission of these words violated the clear language and provisions of Rule 604(d).

¶ 23    The State argues for a broader reading of the Rule 604(d) certificate and asks us to look outside its four corners. "While strict compliance does not require that the language of the rule be recited verbatim in the certificate, some indication must be presented that counsel performed the duties required under the rule." *People v. Richard*, 2012 IL App (5th) 100302, ¶ 10, 970 N.E.2d 35. Here, defense counsel's Rule 604(d) certificate fails in numerous ways, and the record fails to demonstrate that the purpose of Rule 604(d) has been satisfied. The problems we have cited leave us with grave concerns as to whether defense counsel considered all the relevant bases for defendant's motion to withdraw his guilty plea.

¶ 24    Defense counsel's failure to strictly comply with Supreme Court Rule 604(d) requires us to reverse and remand.  We believe defendant should be given the opportunity to file a new motion to withdraw the guilty plea and/or reconsider sentence.  In light of our determination of the first issue raised on appeal, we need not address the two other issues raised by defendant.  We would be remiss, however, not to point out that the maximum sentence imposed by the trial court appears disproportionate to the crime.

¶ 25                              CONCLUSION

¶ 26    For the foregoing reasons, we reverse the judgment of the circuit court of Marion County and remand for further proceedings consistent with this order, including strict compliance with Rule 604(d)'s requirements.

¶ 27    Reversed and remanded with directions.

2015 IL App (5th) 130020

NO. 5-13-0020

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Marion County. |
| | ) | |
| v. | ) | No. 12-CF-58 |
| | ) | |
| ANTHONY J. WILLIS, | ) | Honorable |
| | ) | Michael D. McHaney, |
| Defendant-Appellant. | ) | Judge, presiding. |

**Opinion Filed:**    March 6, 2015

**Justices:**    Honorable Richard P. Goldenhersh, J.

Honorable Bruce D. Stewart, J., and
Honorable S. Gene Schwarm, J.,
Concur

**Attorneys for Appellant**    Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy Defender, Richard J. Whitney, Assistant Appellate Defender, Office of the State Appellate Defender, Fifth Judicial District, 909 Water Tower Circle, Mt. Vernon, IL 62864

**Attorneys for Appellee**    Hon. Matt Wilzbach, State's Attorney, Marion County Courthouse, P.O. Box 157, Salem, IL 62881, Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864