NO. 4-03-1012

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

          Plaintiff-Appellee,

          v.

MANUEL L. PRESSEY,

          Defendant-Appellant.

)

)

)

)

)

)))

Appeal from

Circuit Court of 

Pike County

No. 01CF85

Honorable

Richard D. Greenlief,

Judge Presiding.

_________________________________________________________________

JUSTICE McCULLOUGH delivered the opinion of the court:

On June 27, 2002, defendant, Manuel L. Pressey, pleaded guilty to escape (720 ILCS 5/31-6(a) (West 2000)) in case No. 01-CF-85 and two charges of burglary (720 ILCS 5/19-1(a) (West 2000)) in case No. 01-CF-96.  In July 2002, the trial court sentenced defendant to an extended term of 10 years' imprisonment for escape to be served concurrently with a 7-year prison term for both charges of burglary.  These sentences are consecutive to a 13-year sentence previously imposed for burglary in case No. 01-CF-6.  In August 2002, defendant filed a 
pro
 
se
 motion to reconsider sentence.  On September 5, 2002, following the appointment of counsel, the trial court denied the motion.  On September 23, 2002, counsel filed a motion to reconsider.  On October 2, 2003, the trial court denied the counsel-filed motion on the merits.

Defendant appeals, contending this cause should be remanded to the circuit court because of (1) the failure of the trial court to properly admonish defendant pursuant to Supreme Court Rule 605(c) (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001) and (2) the failure of defendant's attorney to file a certificate of compliance that strictly complied with the requirements of Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).  The State concedes defendant is correct, and we agree.  Accordingly, we reverse the trial court's judgment and remand with directions.

As stated, defendant pleaded guilty to escape and two counts of burglary.  The plea was tendered as an open plea to escape.  However, the State agreed the sentence would be served concurrently to the two charges of burglary for which defendant was pleading guilty at that time.

The trial court admonished defendant of his appeal rights as follows:

"Pursuant to Supreme Court Rule 605(b), Mr. Pressey, these are your appeal rights.  You have the right to an appeal.  Prior to taking appeal, you must file in the trial court with Circuit Clerk's Office within 30 days of the date on which your sentence is imposed, in other words, 30 days from today's date, a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion.  If the motion is allowed, the sentence will be modified or the plea of guilty, sentence[,] and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made.  Upon request by the State, any charges that may have been dismissed as part of a plea agreement will be reinstated and will also be set for trial.  If you are indigent, a copy of the transcript of the proceedings at the time of your plea of guilty and sentence will be provided without cost to you, and counsel will be appointed to assist you with the preparation of the motions.  You should understand that any appeal taken from the judgment on the plea of guilty, any issue or claim of error not raised in the motion to reconsider the sentence or to vacate the judgment and to withdraw your plea of guilty shall be deemed waived, in other words, given up."

In August 2002, defendant filed a 
pro
 
se
 motion to reconsider sentence.  The motion was denied following the appointment of counsel.  On September 23, 2002, defense counsel filed a motion to reconsider.  On September 24, 2002, defense counsel filed a certificate of compliance with Rule 604(d).  Counsel certified as follows:

"1.) [Counsel has] consulted with the [d]efendant by mail and in person to ascertain his contentions of error in the sentencing hearing.

2.) [Counsel has] examined the trial court file and report of proceedings of the sentencing hearing, and ha[s] made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."

The trial court denied counsel's motion for reconsideration.  This appeal followed.
 

Defendant argues the trial court did not properly admonish defendant pursuant to Rule 605(c), which states:

"
In all cases in which a judgment is entered upon a negotiated plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

***

(2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion[.]"
  Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001.

Defendant and the State discussed and incorporated a sentencing concession.  Specifically, defendant agreed to plead guilty to one count of escape and two counts of burglary in return for his sentences running concurrently.  Therefore, a motion to withdraw guilty plea is a precondition to an appeal.  See 
People v. Diaz
, 192 Ill. 2d 211, 225, 735 N.E.2d 605, 612 (2000) (
"if a plea agreement limits or forecloses the State from arguing for a sentence from the full range of penalties available under law, in order to challenge his sentence, a defendant must first move to withdraw his plea in the trial court"
).

 As stated, because the plea in this case was "negotiated" within the meaning of the rule (Official Reports Advance Sheet No. 21 (October 17, 2001), R. 605(c), eff. October 1, 2001
), defendant was required to move to withdraw his guilty plea before perfecting an appeal.  However, in this case, the trial court wrongly admonished defendant that prior to taking an appeal, he must file "a written motion asking to have the trial court reconsider the sentence or to have the judgment vacated and for leave to withdraw the plea of guilty
."
  When the trial court fails to properly admonish a defendant how to perfect an appeal from a negotiated guilty plea, and defendant fails to follow Rule 604(d), it is appropriate to remand the cause to the trial court for proceedings consistent with Rule 605(c).  See 
People v. Jamison
, 181 Ill. 2d 24, 29-30, 690 N.E.2d 995, 998 (1998). 

Next, defendant argues defense counsel's certificate failed to comply with the requirements of Supreme Court Rule 604(d).  The State concedes this point, and we agree.

Supreme Court Rule 604(d) states in pertinent part as follows:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the 
plea
 
of
 
guilty
, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  (Emphasis added.)  188 Ill. 2d R. 604(d).

The 
failure to strictly comply with each of the provisions of Supreme Court Rule 604(d) requires a "remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion."  
People v. Janes
, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994).

In conceding defendant is correct, the State cites 
People v. Mast
, 
305 Ill. App. 3d 727, 734-35, 713 N.E.2d 242, 246-47 (1999) (Second District), for the proposition that a certificate stating counsel has examined the trial court file and report of proceedings of the sentencing hearing is not sufficient to satisfy the strict interpretation of Rule 604(d) under 
Janes
.  In 
Mast
, defense counsel filed a certificate of compliance very similar to the certificate counsel filed in this case.  The 
Mast
 certificate stated, "'I have consulted with the [d]efendant in person to ascertain his contentions of error in this cause; and *** I have examined the trial court file and report of proceedings of the sentencing hearing.'"  
Mast
, 305 Ill. App. 3d at 734, 713 N.E.2d at 246.  The Second District found defense counsel's certificate failed to comply with the requirements of Rule 604(d).  
Mast
, 305 Ill. App. 3d at 734, 713 N.E.2d at 246.

Defense counsel's certificate in this case states counsel has "examined the trial court file and report of proceedings of the 
sentencing
 
hearing
, and ha[s] made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."
  (Emphasis added.)  The certificate does not indicate defense counsel reviewed the report of the guilty plea proceedings.  The remedy for failure to strictly comply with the requirements of Rule 604(d) is to remand to the circuit court for the filing of a new motion and a new hearing on that motion.  
Janes
, 158 Ill. 2d at 33, 630 N.E.2d at 792.

In accordance with the reasons set forth above, we reverse the trial court's judgment and remand this cause for compliance with Supreme Court Rules 605(c) and 604(d).  Defendant shall be allowed to file a new motion to withdraw guilty plea and shall be allowed a new hearing on that motion.

Reversed and remanded with directions.

TURNER and KNECHT, JJ., concur.