NO. 4-06-0096    Filed 3/6/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Edgar County |
| RICHARD DANIEL GRICE, | ) | No. 04CF169 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | H. Dean Andrews, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In September 2004, defendant, Richard Daniel Grice, pleaded guilty to criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2004)), and in November 2004, the trial court sentenced him to 12 years in prison. Later in November 2004, defendant filed a motion to reconsider his sentence. At a January 2006 hearing on that motion, defense counsel filed a certificate purportedly in compliance with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)). At the conclusion of the hearing, the court denied defendant's motion to reconsider his sentence.

Defendant appeals, arguing that because defense counsel's certificate failed to comply with the requirements of Rule 604(d), this case should be remanded to the trial court for (1) the filing of a new postplea motion, (2) a new hearing on defendant's postplea motion, and (3) strict compliance with Rule

604(d)'s requirements.  We agree and reverse and remand for further proceedings.

## I. BACKGROUND

In July 2004, the State charged defendant with two counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)).  At a September 2004 hearing, the information was amended to charge one count of criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 2004)), and the State moved to dismiss the charge of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2004)).  Defendant then entered an open plea of guilty to criminal sexual assault, and the court granted the State's motion to dismiss the other charge.

Following a November 2004 sentencing hearing, the trial court sentenced defendant to 12 years in prison.  Later in November 2004, defendant filed a motion to reconsider his sentence.

At the January 2006 hearing on defendant's motion to reconsider sentence, defense counsel filed a certificate purportedly in compliance with Rule 604(d).  The certificate provided, in pertinent part, as follows:

> "1.  I was appointed to represent [d]efendant on this charge and represented him through the guilty[-]plea and sentencing phase.

2. I have reviewed the transcript of proceedings of the sentencing hearing, as well as the [c]ourt file.

3. I have communicated with [d]efendant in writing to ascertain in more detail his grounds for errors.

4. I drafted the original motion after consulting with defendant following the sentencing hearing and I have made any amendments necessary for adequate presentation of any defects alleged in these proceedings."

At the conclusion of the hearing, the trial court denied defendant's motion to reconsider sentence.

This appeal followed.

II. COMPLIANCE WITH SUPREME COURT RULE 604(d)

Defendant argues that because defense counsel's certificate did not comply with the requirements of Rule 604(d), this case should be remanded to the trial court for (1) the filing of a new postplea motion, (2) a new hearing on defendant's postplea motion, and (3) strict compliance with Rule 604(d)'s requirements. We agree.

Rule 604(d), which addresses procedures to be followed when a defendant (after pleading guilty) files either a motion to reconsider the sentence or to withdraw the guilty plea, provides,

in pertinent part, as follows:

> "The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by mail or in person to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings."  188 Ill. 2d R. 604(d).

The question of whether defense counsel complied with Rule 604(d) is subject to de novo review.  People v. Johnson, 363 Ill. App. 3d 356, 359, 843 N.E.2d 434, 437 (2006).  When ascertaining whether compliance has occurred, we are mindful that supreme court rules "are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written."  People v. Campbell, No. 101263, slip op. at 5 (November 30, 2006), ___ Ill. 2d ___, ___, ___ N.E.2d ___, ___ (modified on denial of rehearing January 22, 2007).  The failure to strictly comply with each of the provisions of Rule 604(d) requires "remand to the circuit court for the filing of a new motion to withdraw guilty plea or to recon-

- 4 -

sider sentence and a new hearing on the motion." People v. Janes, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994).

Here, defense counsel's purported Rule 604(d) certificate failed to state that counsel had reviewed the guilty-plea proceedings. Accordingly, that certificate failed to comply with one of Rule 604(d)'s requirements, and we conclude that reversal and remand are required.

In so concluding, we recognize that in People v. Starks, 344 Ill. App. 3d 766, 769, 800 N.E.2d 1239, 1242 (2003), this court held that where the record demonstrates that the purpose of Rule 604(d) has been satisfied, remand is not required. However, in light of the Second District's decision in People v. Dismuke, 355 Ill. App. 3d 606, 823 N.E.2d 1131 (2005), and this court's decision in People v. Pressey, 357 Ill. App. 3d 887, 829 N.E.2d 426 (2005), we decline to follow Starks.

In Dismuke, 355 Ill. App. 3d at 608, 823 N.E.2d at 1133, defense counsel's Rule 604(d) certificate failed to strictly comply with that rule in that it failed to state that counsel had made amendments to the motion that were necessary for the adequate presentation of any defects in proceedings. In remanding for compliance with Rule 604(d), the Second District noted that strict compliance with the rule eliminates unnecessary appeals and any controversy that might arise regarding whether the record shows substantial compliance. Dismuke, 355 Ill. App.

3d at 610, 823 N.E.2d at 1134. The Second District further explained as follows:

> "[A] waste of judicial resources occurs when, as a result of an attorney's deficient certificate, an appellate court must scour through the record to determine whether that attorney actually complied with Rule 604(d), even though strict compliance with that rule's certification requirements would prevent such waste." Dismuke, 355 Ill. App. 3d at 609, 823 N.E.2d at 1134.

In Pressey, defense counsel's certificate failed to state that counsel had examined the record of the guilty-plea proceedings. Citing the supreme court's decision in Janes, 158 Ill. 2d at 33, 630 N.E.2d at 792, this court held that strict compliance with Rule 604(d) was required and remanded for further proceedings. Pressey, 357 Ill. App. 3d at 890-91, 829 N.E.2d at 430. We agree with the Second District's analysis in Dismuke and adhere to our holding in Pressey.

Accordingly, we explicitly decline the State's invitation to examine the record to determine whether defense counsel's conduct satisfied Rule 604(d)'s requirements. By promulgating Rule 604(d), the Supreme Court of Illinois has already determined the required content of the certificate, and it is the duty of

this court--and the trial courts--to ensure that this supreme court mandate is followed.  Thus, in this case and henceforth, the certificate itself is all that this court will consider to determine compliance with Rule 604(d).

Although the responsibility for drafting a proper Rule 604(d) certificate lies initially with defense counsel, trial courts can, and should, play an important role in preventing the waste of judicial resources that occurs when we must address on appeal the validity of a Rule 604(d) certificate.  Trial courts possess the power--and the duty--to examine any Rule 604(d) certificate when filed to determine whether it complies with that rule.  Trial courts should reject those certificates that do not comply, and when doing so, instruct counsel to file another certificate in accordance with all of the requirements of Rule 604(d).  If trial courts follow these suggestions, the terrible waste of judicial resources that now occurs, as here, due to defective Rule 604(d) certificates should cease.

Because Rule 604(d) is lengthy, we set forth the following key aspects of that rule with which defense counsel must comply.  We do so to facilitate a trial court's scrutiny of any purported Rule 604(d) certificate it receives.  Such a certificate must contain each of the following:

(1) A statement that the attorney has consulted with the defendant, either by mail

or in person, to ascertain defendant's contentions of error in the sentence or the entry of the plea of guilty.

(2) A statement that the attorney has examined the trial court file.

(3) A statement that the attorney has examined the report of proceedings of the plea of guilty.

(4) A statement that the attorney has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

## III. CONCLUSION

For the reasons stated, we reverse the trial court's judgment and remand for (1) the filing of a new postplea motion (if defendant so wishes), (2) a new hearing on defendant's postplea motion, and (3) strict compliance with Rule 604(d)'s requirements.

Reversed and remanded with directions.

APPLETON and McCULLOUGH, JJ., concur.