2020 IL App (1st) 182124-U
Order filed: August 7, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-18-2124

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 13 CR 11125 |
| JAMAL BUTLER, | ) ) ) | Honorable Lawrence Flood, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:   In this appeal from the denial of defendant's motion to vacate his plea, we found that post-plea counsel did not strictly comply with Illinois Supreme Court Rule 604(d) (eff. Mar. 8, 2016), and thus we vacated the order of the circuit court and remanded this matter.

¶ 2    Defendant-appellant, Jamal Butler, pursuant to a negotiated plea, pleaded guilty to attempt murder and was sentenced to eight years' imprisonment. Thereafter, defendant filed a *pro se* motion to vacate and withdraw his guilty plea (motion), which the trial court denied. Defendant appealed and we granted the parties' agreed motion to summarily remand this matter for appointment of counsel and further proceedings on the motion pursuant to Illinois Supreme Court Rule 604(d) (Ill. S. Ct. R. 604(d) (eff. Mar. 8, 2016)). On remand, defendant's counsel amended

the motion (amended motion) and filed a Rule 604(d) certificate. The trial court denied the amended motion. Defendant now appeals seeking remand for strict compliance with Rule 604(d). We vacate the trial court's order denying the amended motion to vacate defendant's plea of guilty and remand for further proceedings.[1]

¶ 3    Defendant was arrested on May 16, 2013 and charged by information with one count of attempt first degree murder (720 ILCS-5/9-1(A) (1) (West 2012)) and two counts of aggravated battery (720-5/12-3.05 (A)(1), (F)(1) (West 2012)).

¶ 4    In September 2014, pursuant to a court order, defendant was evaluated by two medical professionals and found fit to stand trial. Dr. Nishad Nadkarni, a psychiatrist, found no evidence of a major mental illness or cognitive impairment. Dr. Nadkarni also found, based on defendant's prescription medication regimen of Remeron, a once-daily sedating antidepressant, and Effexor, a twice-daily antidepressant, that defendant "does not evidence any side effects or difficulties *** that would impair his fitness." Further, Dr. Nadkarni opined that defendant "does not require psychotropic medication in order to maintain his fitness or functioning." Erik A. Neu, a psychologist, opined that defendant was "not suffering from a mental condition that would compromise his ability to understand the nature of the proceedings against him or to assist in his defense."

¶ 5    On February 20, 2014, trial counsel filed an answer to discovery "alleg[ing] the affirmative defense of self defense." Counsel did not disclose any witnesses or evidence relating to self defense.

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

¶ 6     On May 5, 2015, at the plea hearing, the State informed the court that the parties had reached an agreement that in exchange for defendant's plea of guilty to attempt first degree murder, the State would recommend eight years' imprisonment. When asked if he wanted to accept the offer, defendant responded, "Yes." The court then more specifically asked, "So you want to plead guilty then to attempt murder with a recommendation of eight years in the Illinois Department of Corrections [(IDOC)]. That's at 85 percent." Defense counsel responded, "Yes." After asking defendant if he understood that he would be sentenced at 85 percent, defendant responded, "I thought it was 50 percent." The court explained that attempt murder charges require a sentence at 85 percent, told defendant "You can do whatever you want to do. Nobody is pressuring you. Okay?", and passed the case so defendant could speak with his trial counsel. After recalling the case, the court reiterated that the State was recommending an eight-year sentence at 85 percent in return for defendant's plea of guilty to the single count of attempt murder and that the other two counts would be dismissed. After asking defendant if this was his understanding of the agreement, defendant responded, "Yes."

¶ 7     The court admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012), and determined that defendant understood the charges against him, the possible penalties, and his rights under the law and that the plea was made "freely and voluntarily."

¶ 8     The parties stipulated to the following facts. On May 16, 2013, defendant was in the area of 6240 South Ashland Avenue in Chicago at which time he approached Darron Clark. Defendant propositioned Clark; Clark declined. Defendant then took out a knife and stabbed Clark in the head. Clark sustained a stab to the head and skull into the right ear canal causing bodily injury and went to the hospital. Defendant was arrested on the scene and the knife was recovered. At trial,

Clark would identify the defendant and testify that his injuries were the result of the defendant's actions.

¶ 9    The court found there was a factual basis and accepted the plea. After a sentencing hearing, the court sentenced defendant to eight years' imprisonment on the attempt murder charge and once again explained, "[b]ecause of the charges, it's an 85 percent sentence."

¶ 10    On May 22, 2015, defendant filed the motion *pro se* and claimed that his attorney misrepresented that he would have to serve only 50 percent of his sentence and that he was not mentally competent at the time of the guilty plea because he had not received his morning medicine and felt pressure and stress from his trial counsel and his family. In an attachment, defendant alleged that counsel failed to explain a Rule 402 conference and told him it would not be a good idea for him to proceed *pro se*.

¶ 11    On August 5, 2015, the court held a hearing on the motion. Defense counsel failed to file a certificate in compliance with Rule 604(d) (Ill. S. Ct. R. 604(d)) and was not present at the hearing. Defendant appeared and argued his motion *pro se*. The court denied the motion finding that the transcript of the proceedings contradicted defendant's allegations where, prior to pleading guilty, the trial court admonished defendant that he would have to serve 85 percent of his sentence.

¶ 12    Defendant appealed the denial of the motion. We granted the parties' agreed motion to summarily remand the case to the trial court for further proceedings on the motion and the filing of a Rule 604(d) certificate.

¶ 13    On remand, the trial court appointed the Office of the Cook County Public Defender to represent defendant (post-plea counsel). Post-plea counsel filed the amended motion on July 31, 2018. The amended motion alleged that, on the day of the plea hearing, May 5, 2015, defendant relied on trial counsel's advice and assurance that he would only have to serve 50 percent of his

sentence and had missed one dose of his prescription medication for post-traumatic stress disorder (PTSD). Due to these factors, the amended motion argued that defendant's guilty plea was not knowing or intelligent, and was entered through a misapprehension of the facts and the law and a misrepresentation by counsel. Lastly, the amended motion alleged that trial counsel filed an answer to discovery asserting the affirmative defense of self defense, and argued that defendant had a defense worthy of consideration and thus the ends of justice would be served by holding a trial. Post-plea counsel attached a facially valid Rule 604(d) certificate and the affidavits of defendant and his aunt, Archelle Collins. In his affidavit, defendant stated that on May 5, 2015, he was distraught because, due to issues at the county jail, he had not received his morning dose of Effexor. Defendant also stated that his trial counsel advised him that in exchange for his guilty plea, he would receive a sentence of eight years' imprisonment, which would be served at 50 percent or four years. Defendant further averred that he did not know he would be serving his sentence at 85 percent until he arrived at IDOC. Collins, in her affidavit, stated that she was present, at the plea hearing, when defendant's trial counsel informed him and his family that he would be serving his sentence at 50 percent, that defendant's time would be calculated day for day, and he would be serving a four-year sentence.

¶ 14    On August 27, 2018, the court heard argument on the amended motion. Post-plea counsel stated that defendant's "basic allegation" was that "while your Honor did admonish him as to the 85 percent sentence, that he was later informed by his [trial counsel] that it would actually only be 50 percent." Post-plea counsel informed the court that Collins's affidavit indicated that "the same [trial counsel] did tell the family that it would only be 50 percent." Further, post-plea counsel argued that defendant "pled guilty under a misapprehension of law or fact," and that he had a "defense worthy of consideration" as "his original attorney had filed a self defense." In response,

the State argued there was no misapprehension of law or fact because the trial court specifically told defendant that his sentence would be served at 85 percent and that defendant understood. The State did not address the self defense argument.

¶ 15    The court denied the amended motion finding that it was clear from the record that defendant was advised and understood that he was required to serve 85 percent of his sentence. Defendant timely appealed.

¶ 16    On appeal, defendant contends that this case must be remanded for a second time for strict compliance with Rule 604(d) (Ill. S. Ct. R. 604(d)) because, although post-plea counsel filed a facially valid Rule 604(d) certificate, the record shows she failed to make the necessary amendments to the motion. More specifically, defendant contends that, although defendant's affidavit established that he had not taken his medication and felt distraught at the plea hearing, post-plea counsel failed to attach an affidavit or provide any evidence to describe how PTSD, combined with the side effects of not taking his medication affected his ability to understand the proceedings. Defendant further argues his affidavit did not address his defense of self defense and the amended motion omitted factual or evidentiary support for his claim relating to self defense. Lastly, defendant argues that during the hearing on the motion, counsel failed to present any argument on the amended motion, and only reasserted the claims in the original motion.

¶ 17    Rule 604(d) sets forth the procedures for a motion to withdraw a guilty plea. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007). In relevant part, Rule 604(d) provides:

> "The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit ***."

* * *

The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d).

¶ 18　Defense counsel must strictly comply with the requirements of Rule 604(d). *People v. Easton*, 2018 IL 122187, ¶ 26. Failure to strictly comply necessitates a remand to the trial court for further proceedings on the motion. *People v. Janes*, 158 Ill. 2d 27, 33 (1994). Whether counsel has complied with the requirements of Rule 604(d) is a question of law that we review *de novo*. *Grice*, 371 Ill. App. 3d at 815.

¶ 19　Under Rule 604(d), defense counsel must certify that he or she has made any amendments to the defendant's motion that are necessary for adequate presentation of any defects in the proceedings relating to the defendant's plea. Ill. S. Ct. R. 604(d). The certificate requirement enables the trial court to ensure that counsel has reviewed a defendant's claims and considered all of the relevant bases for a motion to withdraw the guilty plea or reconsider the sentence. *People v. Tousignant*, 2014 IL 115329, ¶ 16. Additionally, counsel must submit affidavits where allegations in the motion to withdraw a plea are not supported by the record. Ill. S. Ct. R. 604(d); *People v. Bridges*, 2017 (2d) 150718, ¶ 9. Where counsel files a facially valid certificate, we may consult the record to determine whether defense counsel fulfilled her obligations under Rule 604(d). *Id.* ¶ 8.

¶ 20 Leave to withdraw a plea of guilty is not granted as a matter of right, but granted as required to correct a manifest injustice under the facts involved. *People v. Pullen*, 192 Ill. 2d 36, 29 (2000). A court should allow the defendant to withdraw his guilty plea "[w]here it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, *** or in the case is one where there is doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury ***." *People v Davis*, Ill. 2d 240, 244 (1991) (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

¶ 21 We will first consider defendant's arguments relating to post-plea counsel's failures as to the self-defense claim in the amended motion.

¶ 22 Here, post-plea counsel filed a facially valid Rule 604(d) certificate stating that she had made the necessary amendments to defendant's motion. In addition, post-plea counsel, in the amended motion, raised a contention that defendant had a defense of self defense, which was "worthy of consideration" and that justice would be served by submitting the case to a trial. This argument, in essence, is one that there is a doubt as to defendant's guilt.

¶ 23 However, there is nothing in the record to factually support the defense of self defense. Although, trial counsel raised the defense of self defense, trial counsel did not identify witnesses or evidence which related to the defense. The stipulated facts at the plea hearing did not include facts upon which a defense of self defense could be made. Thus, the claim that defendant had a defense worthy of consideration was dependent on facts outside the record. Having raised this claim in the amended motion, post-plea counsel was obligated under Rule 604(d) to attach supporting affidavits or submit evidence at the hearing on the amended motion. *Bridges*, 2017 (2d) 150718, ¶ 9. And she was required to make arguments that the defense was worthy of consideration

and that justice would be served by submitting the case to a trial. *Id.* Instead, the amended motion was bereft of factual support as to this issue. At the hearing on the amended motion, post-plea counsel only repeated the contention as to self defense in the same general terms of the amended motion. Her failure to comply with Rule 604(d) refutes the certificate.

¶ 24    Defendant cites *Bridges* in support of his position that the denial of the amended motion must be vacated and the matter remanded. In *Bridges*, counsel filed a facially valid Rule 604(d) certificate and amended the defendant's *pro se* motion to withdraw his guilty plea by adding allegations that the plea was a product of coercion in the form of acts of violence against his mother. *Bridges*, 2017 IL App (2d) 150718, ¶ 2. These facts were not contained in the record and counsel did not support the amended motion with affidavits substantiating them. *Id.* ¶¶ 1, 9. Counsel also declined to present argument during the hearing on the motion. *Id.* ¶¶ 3-4. The trial court denied the motion. *Id.* ¶ 1. On appeal, the reviewing court found that because counsel did not submit affidavits, he did not comply with Rule 604(d). *Id.* ¶ 9. The court also found "counsel's failure [at the hearing] to offer any argument or evidence in support of the motion functioned as a concession that the motion was without merit" and served "little purpose other than to clear a procedural hurdle." *Id.* ¶ 11. The reviewing court further noted that a hearing on a motion to withdraw a defendant's guilty plea must be more than a charade performed only to allow an appeal to proceed. *Id.* ¶ 10. The court vacated the denial of the amended motion and remanded the case for further proceedings. *Id.* 12.

¶ 25    In a recent case, *People v. Winston*, 2020 IL App (2d) 180289, the reviewing court applied *Bridges*. In *Winston*, defendant's counsel amended defendant's *pro se* motion to withdraw and filed a facially valid Rule 604(d) certificate. *Id.* ¶ 3. At a hearing on the motion, counsel asserted that the evidence, which was produced by the State in discovery, was insufficient to prove

defendant's guilt beyond a reasonable doubt and that in the interests of justice the case should submitted to a trial. *Id.* ¶¶ 4, 10, 15. Counsel did not include this claim supported by affidavits in the amended motion. *Id.* ¶ 15. At hearing on the motion, in support of this claim, defendant testified, and counsel attempted to admit four handwritten statements, which were part of the police reports tendered by the State in discovery, which the court found were inadmissible. *Id.* ¶¶ 4-9. Counsel declined the court's offer to continue the hearing for the witnesses, who had made the statements, to testify. *Id.* ¶ 9. Counsel did not provide any other witnesses or evidence supporting a reasonable doubt as to her guilt. *Id.* ¶ 15. The trial court denied the motion. *Id.* ¶ 10. On appeal, the reviewing court found that, based on *Bridges*, counsel's failure to raise the claim that the evidence was insufficient to support defendant's guilt with supporting evidence in the amended motion refuted counsel's Rule 604(d) certificate. *Id.* ¶ 16. The reviewing court noted that, in *Bridges*, the court found both that counsel had failed to adequately raise the issue in the amended motion and provide evidence at the hearing, each violation was an independent ground for remand. *Id.* ¶ 16. Therefore, counsel's attempts at raising the claim at the hearing did not cure the failure to raise the issue with supporting evidence in the amended motion in violation of Rule 604(d). The court vacated the denial of the amended motion and remanded the case for further proceedings. *Id.* ¶ 21.

¶ 26    *Bridges* and *Winston* are instructive here. As we have discussed, post-plea counsel failed to submit evidence with the amended motion in support of the claim that defendant had a defense worthy of consideration and that justice would be served by the case being tried. And at the hearing on the amended motion, post-plea counsel offered nothing more than the bare bone claims of the amended motion. *Bridges* and *Winston* support a conclusion that based on these violations of Rule

604(d), the order denying the amended motion must be vacated and the matter remanded to the trial court.

¶ 27    The State argues that, even though post-plea counsel did not support this claim with affidavits, the defendant's self-defense argument is without merit. Whether there is merit to the defense, however, has no bearing on whether counsel complied with Rule 604(d). *Winston*, 2020 IL App (2d) 180289, ¶ 18.

¶ 28    We find post-plea counsel failed to strictly comply with Rule 604(d) where she failed, in the amending the motion, to submit affidavits or evidentiary support to substantiate the allegation that defendant had a defense "worthy of consideration." As a result, we must vacate the order denying the amended motion and remand for strict compliance with Rule 604(d) and a new proceeding on defendant's motion to withdraw his plea of guilty. Based on this conclusion, we need not address defendant's additional arguments for vacating the denial of the amended motion and for remand.

¶ 29    Vacated and remanded.