NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 210688-U

NO. 4-21-0688

IN THE APPELLATE COURT

FILED
June 21, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| BENJAMIN L. ZIOGAS, | ) | No. 16CF1013 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Ryan M. Cadagin, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court granted the Office of the State Appellate Defender's motion to
withdraw as counsel and affirmed the circuit court's judgment, as no issue of
arguable merit could be raised on appeal.

¶ 2        In February 2019, defendant, Benjamin L. Ziogas, entered a partially negotiated

guilty plea to burglary, residential burglary, and aggravated battery. 720 ILCS 5/19-1(a), 19-3(a)

(West 2018); 720 ILCS 5/12-3.05(b)(1) (West 2018). The circuit court sentenced defendant to

consecutive terms of 20 years' imprisonment for residential burglary and 10 years' imprisonment

for burglary and merged the aggravated battery and burglary counts. On direct appeal, this court

remanded the matter because plea counsel's postplea certificate did not comply with Illinois

Supreme Court Rule 604(d) (eff. July 1, 2017). On remand, counsel filed an amended motion to

withdraw defendant's guilty plea and a new Rule 604(d) certificate. After a hearing, the circuit court denied the motion.

¶ 3        Defendant appeals, arguing the circuit court erred in denying the motion to withdraw his guilty plea. The Office of the State Appellate Defender (OSAD) moved to withdraw as counsel, contending no arguably meritorious issue can be raised on appeal. We grant OSAD's motion to withdraw and affirm the circuit court's judgment.

¶ 4                                I. BACKGROUND

¶ 5        At a hearing in February 2019, defendant entered a partially negotiated guilty plea to burglary, residential burglary, and aggravated battery. In exchange, the State dismissed the remaining charges and agreed not to recommend a sentence greater than 30 years' imprisonment. The circuit court admonished defendant he faced Class X sentencing ranges for residential burglary and burglary due to his criminal history, and those sentences would run consecutively. Defendant acknowledged he understood these admonishments. Defendant also understood he (1) was presumed innocent, (2) had the right to a jury or bench trial where the State would be required to prove him guilty beyond a reasonable doubt, and (3) had the right to (a) testify on his own behalf, (b) present evidence, and (c) confront witnesses against him. After receiving these admonishments, defendant persisted in his guilty plea.

¶ 6        According to the plea's factual basis, in the early morning hours of September 29, 2016, police were dispatched to a restaurant, where they learned a safe was missing. The restaurant's surveillance video showed an individual in an orange work vest took the safe and fled in a "dark colored van." Approximately two hours later, police were dispatched to the scene of a residential burglary, where they found a "gravely injured" victim, Shariq Hasan, outside the home. Defendant had burglarized Hasan's residence, shot Hasan in the face with a flare gun, and

escaped in a "dark van." Hasan suffered the loss of his right eye and orbital bone fractures, and his injuries ultimately required skin grafts and reconstructive surgery. Hasan identified defendant from a photographic lineup and shared the van's license plate number with police, who found the van later that morning. Defendant was asleep in the van, wearing an orange vest. Police discovered the restaurant's safe and the flare gun in the van. Defendant, who lacked authority to enter either the restaurant or Hasan's residence, confessed to both burglaries. Following the State's factual basis, the circuit court confirmed defendant was not threatened or improperly coerced into pleading guilty, and it accepted the plea as knowingly and voluntarily made.

¶ 7        At sentencing, Hasan testified doctors had to remove one of his eyes after defendant shot him in the face with a flare gun. He previously worked as a roofer and enjoyed boating and cycling, but he could no longer participate in those activities due to his difficulties with balance and depth perception. The circuit court found severe bodily injury occurred, merged the aggravated battery and residential burglary charges, and sentenced defendant to consecutive terms of 20 years' imprisonment for residential burglary and 10 years' imprisonment for burglary, respectively.

¶ 8        Plea counsel filed a Rule 604(d) certificate and a motion arguing, *inter alia*, the residential burglary and burglary sentences should not run consecutively. After a hearing, the circuit court denied the motion, and defendant appealed. On appeal, we granted the parties' agreed motion for summary remand because plea counsel's certificate did not comply with Rule 604(d). *People v. Ziogas*, No. 4-19-0349 (2020).

¶ 9        On remand, defendant moved to withdraw his guilty plea, contending his sentence was "void and illegal" because the circuit court improperly imposed consecutive sentences. The motion argued severe bodily injury occurred after the residential burglary, rather than during it,

because defendant shot Hasan in the face with a flare gun after entering the residence, and therefore the factor requiring consecutive sentences was not triggered. The motion also argued the court neither exercised discretion during sentencing nor gave sufficient weight to the mitigation evidence. Plea counsel filed a new Rule 604(d) certificate. Following a November 19, 2021, hearing, the court denied the motion to withdraw defendant's guilty plea. Counsel filed a timely notice of appeal on November 24, 2021.

¶ 10        This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12        OSAD filed a motion to withdraw, asserting no procedural or substantive issue of arguable merit can be raised on appeal. OSAD sent defendant a copy of its motion and supporting memorandum. Defendant filed a response objecting to the withdrawal motion, insisting his appeal holds merit. For the following reasons, we grant OSAD's motion and affirm the circuit court's judgment.

¶ 13                            A. Potential Procedural Defects

¶ 14        First, we agree no procedural issue of arguable merit can be raised on appeal. A notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021). "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). "[F]or a defendant to prevail in a challenge to a sentence entered pursuant to a negotiated plea agreement, the defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that

- 4 -

the granting of the motion is necessary to correct a manifest injustice." *People v. Evans*, 174 Ill. 2d 320, 332, 673 N.E.2d 244, 250 (1996).

¶ 15        When a defendant files either a motion to reconsider sentence or withdraw his guilty plea, his counsel must file a certificate stating counsel consulted with the defendant to ascertain his contentions of error in the sentence or the entry of the plea of guilty, examined the circuit court file and the guilty plea's report of proceedings, and made any necessary amendments to the motion to adequately present any defects in those proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017); *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007). "The failure to strictly comply with each of the provisions of Rule 604(d) requires 'remand to the circuit court for the filing of a new motion to withdraw guilty plea or to reconsider sentence and a new hearing on the motion.' " *Grice*, 371 Ill. App. 3d at 815 (quoting *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994)). We review *de novo* whether defense counsel complied with Rule 604(d). *People v. Mason*, 2015 IL App (4th) 130946, ¶ 8, 37 N.E.3d 927.

¶ 16        The record shows defendant's counsel strictly complied with the requirements of Rule 604(d) and Rule 606(b). On remand, counsel moved to withdraw the partially negotiated guilty plea and vacate defendant's sentence, arguing the sentence was excessive and the circuit court abused its discretion when considering the aggravating and mitigating factors. Counsel also filed a Rule 604(d) certificate, asserting he consulted with defendant to ascertain defendant's contentions of error, examined the circuit court file and the report of proceedings concerning the guilty plea and sentence, and made the necessary amendments to the motion to adequately present any defects in the proceedings. See *Grice*, 371 Ill. App. 3d at 815. The court denied the motion on November 19, 2021, and counsel filed a notice of appeal five days later, on November

24, 2021. Thus, counsel's motion and certificate strictly complied with Rule 604(d), and the notice of appeal complied with Rule 606. See Ill. S. Ct. R. 606(b) (eff. Mar. 12, 2021); Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 17                                B. Potential Substantive Defects

¶ 18            Second, we agree no substantive issue of arguable merit can be raised on appeal. Defendant does not have a right to withdraw his plea. "Generally, the decision whether to allow a defendant to withdraw a guilty plea under Rule 604(d) is left to the discretion of the [circuit] court." *People v. Pullen*, 192 Ill. 2d 36, 39-40, 733 N.E.2d 1235, 1237 (2000). "In considering such a motion, the court shall evaluate whether the guilty plea was entered through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *Pullen*, 192 Ill. 2d at 40. Here, defendant's motion, on its face, indicated it was filed as a motion to withdraw plea in name only, to comply with Rule 604(d). Defendant did not argue his plea was not knowing or voluntary or that he entered it under a misapprehension of law or fact. Instead, the motion argued the sentence's impropriety. The record belies any allegation that defendant was not given proper Rule 402 admonishments at the time of the plea. See Ill. S. Ct. R. 402 (eff. July 1, 2012). The circuit court's admonishments were clear, specific, and thorough. Defendant acknowledged he understood each component of his rights, his plea and its effect, and that he was entering the plea free of threats, promises, or coercion. See Ill. S. Ct. R. 402(a), (b) (eff. July 1, 2012).

¶ 19            Defendant claims his consecutive sentences were "void and illegal." We find the circuit court properly ordered defendant's sentences to run consecutively, it exercised discretion in weighing the aggravating and mitigating factors, and it did not simply adopt the State's recommended sentence. Consecutive sentences become mandatory when "[o]ne of the offenses

for which the defendant was convicted was *** a Class X or Class 1 felony and the defendant inflicted severe bodily injury." 730 ILCS 5/5-8-4(d)(1) (West 2018). Defendant pleaded guilty to burglary, aggravated battery, and residential burglary, which is a Class 1 felony. See 720 ILCS 5/19-3(b) (West 2016). At sentencing, the court found severe bodily injury occurred. The aggravated battery and residential burglary convictions merged, and the court sentenced defendant to consecutive terms of 20 years for residential burglary and 10 years for burglary, respectively. Because residential burglary is a Class 1 felony and the court found defendant's actions caused severe bodily injury, the court did not err by imposing consecutive sentences. 730 ILCS 5/5-8-4(d)(1) (West 2018). Further, the court did not abuse its discretion in imposing sentences of 20 and 10 years for residential burglary and burglary, as the sentences fell within applicable sentencing ranges and complied with the plea's parameters, thereby creating a presumption of sentencing propriety that defendant failed to overcome. See *People v. Palomera*, 2022 IL App (2d) 200631, ¶ 70, 205 N.E. 3d 145.

¶ 20 Despite defendant's claims to the contrary, the severe bodily injury occurred during the residential burglary. According to the factual basis for the plea and the official version of the offense contained in the presentence investigation report (PSI), when Hasan discovered defendant burglarizing his residence, defendant shot Hasan in the face with a flare gun and fled. Defendant's actions caused severe bodily injury, including the loss of one of Hasan's eyes. Thus, defendant inflicted severe bodily injury during the residential burglary, as the offense was in progress when Hasan encountered defendant, and defendant shot Hasan with a flare gun to facilitate his escape. See *People v. Jones*, 2015 IL App (1st) 142597, ¶ 34, 47 N.E.3d 324 ("[E]scape from [a] residential burglary continues until the offenders reach a 'place of safety.' " (quoting *People v. Lowery*, 178 Ill. 2d 462, 472, 687 N.E.2d 973, 979 (1997))).

¶ 21 Additionally, while defendant's motion to withdraw his guilty plea argued the circuit court adopted the State's sentencing recommendation without exercising its judgment, the record indicates otherwise. "There is a presumption that the [circuit] court considered all relevant factors in determining a sentence, and that presumption will not be overcome without explicit evidence from the record that the [circuit] court did not consider mitigating factors or relied on improper aggravating factors." *Palomera*, 2022 IL App (2d) 200631, ¶ 69. Before sentencing defendant, the court asserted it considered the factual basis, the PSI, defendant's history, character, and attitude, the evidence and arguments presented during the sentencing hearing, defendant's statement of allocution, and the statutory aggravating and mitigating factors. Rather than merely adopting the State's recommended sentence, the court exercised its judgment by making the proper considerations before reaching its sentencing decision. See *Palomera*, 2022 IL App (2d) 200631, ¶ 69.

¶ 22                                    III. CONCLUSION

¶ 23 For the foregoing reasons, we grant OSAD's motion to withdraw as appellate counsel and affirm the circuit court's judgment.

¶ 24 Affirmed.