2024 IL App (1st) 22-0981
Order filed: February 1, 2024

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-0981

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| | ) | Nos.　14 CR 19078 (02) |
| v. | ) | 16 CR 16846 |
| | ) | |
| LB JOSEPH, | ) | Honorable |
| | ) | Michael R. Clancy, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

PRESIDING JUSTICE ROCHFORD delivered the judgment of the court.
Justices Martin and Ocasio concurred in the judgment.

**ORDER**

¶ 1　*Held*: We vacated the order of the circuit court denying defendant's motion to withdraw his negotiated pleas and remanded this matter, where the record demonstrated post-plea counsel did not strictly comply with Illinois Supreme Court Rule 604(d).

¶ 2　Defendant-appellant, LB Joseph,[1] appeals from the denial of his *pro se* motion to withdraw his negotiated guilty pleas after a remand. *People v. Joseph*, No. 1-17-3124 (2019) (agreed summary disposition order). Defendant argues that his post-plea counsel failed to amend his *pro se* motion to include a claim for ineffectiveness of counsel and as a result failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We vacate the order of the circuit

---

[1] The record includes various spellings of defendant's first name (Lb; L.B.; and LB). Defendant testified that his "original name is Linden B" but it was abbreviated to LB. The notice of appeal uses "LB."

court denying defendant's motion to withdraw his pleas and remand for strict compliance with Rule 604(d) and a new proceeding on the motion to withdraw.

¶ 3    In 2014, defendant and co-defendant Leondo Joseph, were charged by indictment in case number 14 CR 19078 with one count of armed robbery, six counts of aggravated kidnapping, and twelve counts of aggravated criminal sexual assault which were alleged to have occurred on September 26, 2012. And in 2016, defendant and co-defendant were charged by indictment with 21 felony counts of aggravated criminal sexual assault in case number 16 CR16846 which were alleged to have occurred on December 5, 2011. At various times and at the time of defendant's pleas, an assistant public defender (APD) represented defendant in both cases. In a separate case, 14 CR19078, defendant proceeded *pro se* to a jury trial where he was convicted on charges of aggravated criminal sexual assault, aggravated kidnapping, and aggravated battery and the circuit court sentenced him to 147 years in prison.

¶ 4    Between November 18, 2014, and July 14, 2017, defendant made multiple motions to proceed *pro se* in the cases at issue which were granted after admonishments. However, each period of self-representation ended with the reappointment of the Office of Cook County Public Defender and the APD would return to representing defendant.

¶ 5    At a July 14, 2017 court date, the State informed the circuit court that the parties had reached an agreement that in return for defendant's pleas of guilty to two charges of aggravated criminal sexual assault, Class X felonies, one charge under 14 CR 19078 and one charge under 16 CR 16846, the State would recommend that defendant receive a minimum term of six years' imprisonment on each charge, to be served consecutively to one another, as well as to defendant's 147-year prison term in 14 CR 19078.

¶ 6    Before accepting defendant's pleas, the circuit court confirmed that defendant understood

the terms of the "plea deal" as described by the State. The court read defendant the relevant charges and informed him of the applicable sentencing ranges which included extended terms, and that the sentences on each charge would be served at 85% and consecutively both to each other and to his prior sentence. The court further admonished defendant as to his right to plead not guilty and his trial rights and confirmed that no one had threatened or promised him anything other than informing him of the negotiated agreement, and that he was satisfied as to his legal representation. Defendant stated that he understood the possible sentences, his rights, and that he was waiving those rights in pleading guilty. He informed the court that he was 31 years old and had received a bachelor's degree. The State recited the stipulated facts in support of the charges of aggravated criminal sexual assault.

¶ 7    The court found there was a factual basis for the pleas, accepted defendant's guilty pleas, and entered sentences of six years on each charge, to be served consecutively to each other and to his sentence in 14 CR 19078. The court granted defendant credit for 1023 days for which he had been in custody. The State *nolle prossed* all other counts in both cases.

¶ 8    Defendant timely filed a *pro se* motion to withdraw his pleas on August 8, 2017. In his motion, defendant claimed that he felt pressured by the State to take the pleas, and that he "did not understand the terms and did not want to plea." He also expressed a desire to go to trial where he would be found not guilty. Finally, defendant claimed that he did not receive the full 1023 days credit for time served.

¶ 9    The APD, serving as defendant's post-plea counsel, filed both an amended motion to withdraw the pleas and a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). The amended motion merely listed defendant's allegations, including that defendant "had never 'copped out' before and didn't understand the terminology," "did not understand the

'terms' of the 'cop out,' " and "did not fully understand the ramifications of his plea of guilt." In the certificate, the APD stated that he had consulted with defendant regarding his claims of error in the entry of the guilty pleas, that he had reviewed the court files and report of proceedings from the hearing on the pleas and "made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." The certificate did not state that the APD had consulted with defendant regarding any error in his sentences.

¶ 10    The court held a hearing on the *pro se* motion to withdraw and amended motion (together the motion to withdraw) on November 6, 2017. At the hearing, defendant testified in support of his claims. In particular, defendant asserted that at the time of his pleas, he did not understand that he was waiving his right to trial and his chance to prove his innocence. The court denied the motion to withdraw and defendant's motion to reconsider that denial. Defendant appealed.

¶ 11    On appeal, defendant filed an agreed motion for summary disposition which asserted that the APD had failed to comply with Rule 604(d). Specifically, defendant maintained that the rule, as amended in 2015, required the APD to consult defendant as to claims of error in both the plea and the sentences even where there has been a negotiated plea. *People v Gillespie*, 2017 Il App (1st) 152351, ¶ 12. After considering the agreed motion, this court vacated the circuit court's denial of the motion to withdraw, and remanded for the appointment of counsel, the opportunity to file a new post-plea motion, the filing of a compliant Rule 604(d) certificate, and a new hearing on defendant's request to withdraw his plea. *Joseph*, No. 1-17-3124 (2019) (agreed summary disposition order).

¶ 12    Upon remand, on January 14, 2020, the APD filed a certificate under Rule 604(d) (second certificate). This second certificate stated that the APD had consulted with defendant in person "to ascertain Defendant's contentions of error in the entry of the guilty pleas" and had "examined the

trial court files and both the report of proceedings of the pleas of guilty and the sentencing hearing and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." The APD made no further amendments to the *pro se* motion to withdraw.

¶ 13    The case was then continued from time to time for various reasons including the impact of restrictions on court operations due to the coronavirus pandemic. During this time, a new attorney from the Office of the Cook County Public Defender (post-plea counsel) began to represent defendant.

¶ 14    On April 13, 2022, a second hearing was held on the motion to withdraw. At this hearing, defendant testified that he felt pressure to accept the plea deal and plead guilty. He also testified as to the circumstances surrounding his pleas and his discussions with the APD. Defendant described the offer from the State as "spur of the moment." The APD told him that the State's offer was a "one-time deal" and defendant understood that he could not get a continuance to consider the offer. According to defendant, the APD informed him that the six-year sentences would be served at 50% and run concurrently and he would not have to register as a sex offender. Defendant explained to the APD that he was illegally arrested and there was no DNA evidence and he wished to go to trial. The APD told defendant that because of his prior convictions and the publicity surrounding his cases, he was not likely to succeed at trial and would receive lengthy sentences. The APD directed defendant to "say yes to everything" and say nothing else during the plea hearing and defendant followed these instructions. During the plea hearing, defendant heard that the sentences would be consecutive but he thought that meant concurrent. In his testimony, defendant made other complaints about the APD's representation not only as to the pleas but also as to the APD's lack of communication and failure to file motions on his behalf.

¶ 15    At the State's request, the transcripts of the proceedings from the July 14, 2017 plea hearing

and the November 6, 2017 original hearing on the motions to withdraw were admitted into evidence.

¶ 16    In closing, the State argued that the motions to withdraw did not raise an ineffectiveness of counsel claim and therefore, defendant's testimony about that subject should be disregarded. Post-plea counsel did not respond to the State's forfeiture argument in his closing remarks. The court continued the matter to April 22, 2022 for ruling.

¶ 17    On that date, the court first stated that it would again reserve ruling for another date. The court noted that the case had had been remanded in part to give defendant "the opportunity to file a new post-plea motion." The court asked post-plea counsel whether he and defendant had "deemed" it unnecessary to file an amended motion to withdraw. Post-plea counsel responded that he had adopted the amended motion of the APD. The court believed there were deficiencies in the motions to withdraw and the APD's Rule 604(d) certificates and gave as an example that the certificates did not state that counsel had consulted defendant about his contentions of error in his sentencing. The court continued the case for post-plea counsel to consider whether to file an amended certificate and motion to withdraw.

¶ 18    At the next court date, May 26, 2022, the court granted post-plea counsel leave to file a supplemental Rule 604(d) certificate (supplemental certificate) and an amendment to supplement the *pro se* motion to withdraw (supplemental motion). In the supplemental certificate, post-plea counsel stated that he had consulted with defendant to ascertain his claims of error in the plea and the sentence, reviewed the court files and report of proceedings from the plea and sentencing hearing, and made any necessary amendments to defendant's *pro se* motion to withdraw to adequately present the alleged defects. In the supplemental motion, post-plea counsel merely stated that defendant was "only challenging his guilty plea, not the negotiated sentence."

¶ 19    In court, post-plea counsel explained that defendant was not seeking to change his sentences to concurrent sentences but rather was seeking to "[s]traight out withdraw his guilty plea." The circuit court then asked: "And [defendant] still—he or you are still arguing that one of the reasons why the guilty plea should be withdrawn is because he misunderstood consecutive or concurrent?" Post-plea counsel answered, "Yes, Judge."

¶ 20    The court denied the motion to withdraw. In its oral ruling, the court, based on a review of the report of proceedings from the plea hearing, found that defendant, an intelligent and educated 31-year-old, had not been pressured by the State into accepting the plea agreement and had pled guilty freely, intentionally, knowingly, and voluntarily. The court also noted that the record rebutted defendant's claim that he had been dissatisfied with the APD's representation. Defendant has appealed.

¶ 21    On appeal, defendant argues that this case must be remanded for a second time due to a lack of strict compliance with Rule 604(d). More specifically, defendant asserts that, although the supplemental certificate is facially compliant, the record refutes post-plea counsel's certification that he made any necessary amendments to defendant's *pro se* motion to withdraw because he failed to amend the motion to include defendant's complaints of ineffective assistance of counsel.

¶ 22    Rule 604(d) sets forth the procedures for a motion to withdraw a guilty plea. *People v. Grice*, 371 Ill. App. 3d 813, 815 (2007). The rule provides that an appeal from a judgment entered on a plea of guilty which challenges the plea cannot be taken unless the defendant files in the trial court a motion to withdraw the plea and vacate the judgment. Ill. S. Ct. Rule 604(d) (eff. July 1, 2017). The grounds for the motion to withdraw must be stated in writing. *Id.* Rule 604(d) imposes a duty on the defendant's attorney and states:

"The defendant's attorney shall file with the trial court a certificate stating that the attorney

has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

¶ 23    Defense counsel must strictly comply with the requirements of Rule 604(d). *People v. Easton*, 2018 IL 122187, ¶ 26. When counsel fails to strictly comply with the rule, we must remand to the trial court for further proceedings on the motion to withdraw the plea of guilty. *People v. Janes*, 158 Ill. 2d. 27, 33 (1994). Whether counsel has complied with the requirements of Rule 604(d) is a question of law that this court reviews *de novo. Easton*, 2018 IL 122187, ¶ 25.

¶ 24    At issue in this appeal is the requirement of Rule 604(d) that post-plea counsel certify that he made any amendments to defendant's motion to withdraw his pleas which were necessary to present the defects in the proceedings relating to defendant's pleas. Ill. S. Ct. R. 604(d) (eff. July 1, 2017). This obligation ensures that post-plea counsel has thoroughly reviewed defendant's claims and has considered all relevant bases for a defendant's motion to withdraw the guilty pleas. *People v. Tousignant*, 2014 IL 115329, ¶ 16. Where, as here, post-plea counsel filed a facially compliant supplemental certificate but defendant asserts a lack of strict compliance, we may consult the record to determine whether post-plea counsel actually fulfilled his obligations under Rule 604(d). *Id.* ¶ 8; see also *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 8.

¶ 25    Leave to withdraw a plea of guilty is not granted as a matter of right, but, rather, is granted when required to correct a manifest injustice. *People v. Pullen*, 192 Ill. 2d 36, 29 (2000). A court should allow a defendant to withdraw a guilty plea "[w]here it appears that the plea of guilty was entered on a misapprehension of the facts or of the law, *** or if the case is one where there is

doubt of the guilt of the accused, or where the accused has a defense worthy of consideration by a jury, or where the ends of justice will be better served by submitting the case to a jury." *People v. Davis*, Ill. 2d 240, 244 (1991) (quoting *People v. Morreale*, 412 Ill. 528, 531-32 (1952)).

¶ 26    As we have stated, post-plea counsel filed a supplemental certificate which was facially valid under Rule 604(d). The supplemental certificate included the statement that post-plea counsel had made the necessary amendments to defendant's *pro se* motion to withdraw. However, post-plea counsel failed to amend the defendant's *pro se* motion to withdraw to include defendant's claims that the APD was ineffective or gave him incorrect information or advice relating to the plea agreement and sentences. Defendant asserts that this failure on the part of post-plea counsel refutes the supplemental certificate and necessitates another remand. We agree.

¶ 27    After the remand from the first appeal, during the hearing on the motions to withdraw his pleas of guilty, defendant testified to alleged deficiencies in the APD's representation during the pendency of the cases. Defendant also testified that the APD informed him that the plea offer was a "one-time" deal and based on his conversations with the APD, defendant understood he could not seek a continuance to consider the offer. Additionally, according to defendant, the APD advised him that the sentences would be served concurrently and at 50% and that the pleas and convictions would be on charges that would not require him to register as a sex offender. Neither the APD's amended motion to withdraw (which was adopted by post-plea counsel) nor post-plea counsel's supplemental motion raised an ineffectiveness of counsel claim or alleged that the APD gave defendant wrong information about the plea agreement. At the second hearing, post-plea counsel did not address the State's argument that defendant's testimony as to the inadequacy of counsel should be disregarded in that such a claim had not been raised in the motions to withdraw and then failed to add the claim to the supplemental motion.

¶ 28 The record refutes that post-plea counsel actually made changes to defendant's motion to withdraw which were necessary to present defendant's claims of error in the plea proceeding.

¶ 29 Nonetheless, the State argues that because defendant failed to assert that the APD provided ineffective assistance of counsel in his *pro se* motion to withdraw or during his testimony at the original hearing on the motion, the record necessarily demonstrates that post-plea counsel strictly complied with Rule 604(d). This argument arguably may apply to the amended certificate filed by the APD after the remand if it had been compliant with Rule 604(d). This argument has no applicability to the supplemental certificate of post-plea counsel. By the time post-plea counsel filed the supplemental certificate and supplemental motion, he was aware of defendant's testimony claiming the APD provided inadequate representation and misinformation as to the plea agreement. And as we have said, the State asked the court to disregard defendant's testimony relating to ineffectiveness of counsel as the motions to withdraw did not contain such a claim. Further, after the hearing, the court gave post-plea counsel additional time to file an amended certificate and motion. The subsequent supplemental motion did not include an ineffectiveness of counsel claim. Further, after the supplemental motion was filed post-plea counsel informed the court that defendant was seeking to withdraw his plea in part because he believed that the sentences would be served concurrently and not consecutively. Defendant's testimony at the second hearing placed the blame on the APD for his confusion. We reject the State's argument that the record does not refute the statement in the supplemental certificate that post-plea counsel had made "any amendments to the motion necessary for adequate presentation of any defects" in the plea proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 30 The State also argues that the circuit court in denying the motion to withdraw found that the report of proceedings from the plea hearing established that defendant was satisfied with the

APD's representation and therefore "a remand would be fruitless and a waste of judicial resources." However, the merits of a defendant's underlying claim "[have] no bearing on whether counsel complied with Rule 604(d)." *People v. Winston*, 2020 IL App (2d) 180289, ¶ 18; (see also *People v. Janes*, 158 Ill. 2d 27, 34-35 (1994)). In other words, we are not to consider whether defendant's claim of ineffective assistance of counsel is likely to prevail when determining compliance with Rule 604(d).

¶ 31    For the foregoing reasons, we find that post-plea counsel did not strictly comply with Rule 604(d) by failing to amend defendant's *pro se* motion to withdraw to include an ineffectiveness of counsel claim. As a result, we must vacate the order denying defendant's motion to withdraw his guilty pleas and remand for strict compliance with Rule 604(d) and a new proceeding on defendant's motion to withdraw his guilty pleas.

¶ 32    Vacated and remanded.