NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190884-U

NO. 4-19-0884

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 8, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| DERRICK D. COX, | ) | No. 14CF204 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices DeArmond and Cavanagh concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court did not err in denying defendant's motion to withdraw guilty plea.
Postplea counsel complied with Illinois Supreme Court Rule 604(d) (eff. July 1,
2017).

¶ 2         In 2015, defendant, Derrick D. Cox, pleaded guilty to armed robbery with a firearm

(720 ILCS 5/18-2(a)(2) (West 2012)). Defendant subsequently moved to withdraw his guilty plea.

After an evidentiary hearing, the trial court denied defendant's motion. Defendant appealed, and

we remanded his case for the filing of a certificate of compliance in accordance with Illinois

Supreme Court Rule 604(d) (eff. July 1, 2017) and a new hearing on defendant's motion. On

remand, postplea counsel filed a proper certificate and, following a hearing, defendant's motion

was denied. Defendant appealed and we again remanded his case, finding the hearing on

defendant's motion was deficient. On remand, postplea counsel again filed a proper Rule 604(d)

certificate and the court conducted a proper hearing on defendant's motion. After the hearing, the trial court denied defendant's motion and defendant filed the present appeal in which he argues the trial court erred in denying his motion to withdraw his guilty plea and postplea counsel failed to strictly comply with  Rule 604(d). We affirm.

¶ 3                                   I. BACKGROUND

¶ 4         On February 10, 2014, the State charged defendant with two counts of armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2012)). In May 2015, defendant entered a negotiated plea pursuant to which he agreed to plead guilty to the first of the two counts of armed robbery with a firearm and the State agreed to dismiss the second count and recommend a prison sentence of 22 years. At the guilty plea hearing, the State provided the following factual basis in support of defendant's plea:

> "On February 10th of 2014[,] the defendant and [Tavarus Murray] approached a person near the engineering quad at the University of Illinois, pushed the person against the wall. This defendant produced a handgun. [Murray] and the defendant went through the victim's pocket. [Murray] took out the man's wallet and removed the cash. Soon thereafter[,] both defendants approached another pair of victims nearby. This defendant pushed the victim against the wall and told her, quote, give me all your shit. When the male friend of the victim protested, this defendant put a silver revolver and—pulled out a silver revolver, stuck the barrel into the male's mouth. [Murray] then removed the backpack from the victim and they fled. They fled in a Lincoln [Town Car] which police were able to stop a short distance away. Inside the vehicle they found the defendant sitting in the back seat. They also found the victim's backpack in the vehicle, and under the seat they found

a loaded .22 caliber revolver that matched the descriptions given by the victims.

[Murray] *** was interviewed and admitted that he and this defendant had robbed the victims earlier."

Defense counsel "stipulated to the evidenced presented by the State." The trial court then accepted defendant's guilty plea, finding it was "knowing and voluntary" and sentenced defendant to 22 years in the Illinois Department of Corrections.

¶ 5        In June 2015, defendant *pro se* filed a motion to withdraw guilty plea and vacate sentence in which he alleged his guilty plea "was the direct result of his attorney[']s inadequate representation" in that counsel "failed to investigate witnes[s] accounts, [investigate] DNA found on [the] victim[']s wallet, [or] challenge any of the State's evidence through pre-trial motions." Defendant was later appointed postplea counsel who filed an amended motion to withdraw plea. In the amended motion, defendant asserted his plea was "entered on a misapprehension of the facts or the law, there [was] doubt as to [his] guilt[,] and the ends of justice [would] be better served by submitting the case to a jury." In support of his assertion, defendant raised multiple claims regarding the insufficiency of the State's evidence and the ineffectiveness of defense counsel. Defendant alleged defense counsel provided ineffective assistance by: (1) failing to "talk to witnesses before trial," "file pretrial motions to keep out evidence such as the show [up] by the victims," both of whom identified defendant as one of the two robbers, and "go to trial and attack the credibility of victims and the lack of evidence against [defendant]," (2) allowing defendant to plead guilty to the first count of armed robbery even though he "knew that the victim *** was unavailable for trial," and (3) "waiv[ing] [d]efendant's right to a preliminary hearing without [d]efendant's consent."

¶ 6        Defendant attached multiple exhibits to his amended motion to withdraw guilty

plea, including summaries of three interviews conducted in August 2015 between an investigator working on behalf of defendant's postplea counsel and Marcus Johnson, Chandra Maxwell, and Jordan Hibler, all of whom were in the Lincoln Town Car with defendant and Murray when police pulled the car over. Relevant here, Johnson's, Maxwell's, and Hibler's statements differed with respect to whether, just after the armed robberies were alleged to have taken place, Murray and defendant approached the car together and with respect to whether Johnson, Murray, or defendant was carrying a backpack when they entered the car. Johnson and Maxwell told the investigator defendant and Murray approached the car together from one direction while Johnson approached the car alone and from another direction. Hibler, however, told the investigator, "right as [defendant] arrived at the car, [Murray] and [Johnson] arrived at the other side of the car." Although Hibler "didn't see where [Murray] and [Johnson] came from," he stated "they didn't come out of the same door" through which defendant entered the parking area. Hibler "believe[d] [Murray and Johnson] must have entered the parking area from the street." Additionally, Johnson "didn't pay any attention if [Murray] or [defendant] were carrying anything," Maxwell reported "[Murray] and [defendant] were each carrying a backpack or book bag," and Hibler stated "[Johnson] may have been carrying a backpack, but he [was] not positive."

¶ 7          In October and November 2015, the trial court conducted a hearing on defendant's motion to withdraw guilty plea. At the conclusion of the hearing, the court denied defendant's motion.

¶ 8          Defendant appealed the denial of his motion to withdraw guilty plea. On appeal, the parties filed an agreed motion for summary remand, which this court granted, remanding defendant's claim to the trial court "for the filing of a 604(d) certificate, the opportunity to file a new post-plea motion, if counsel conclude[d] a new motion [was] necessary, a new hearing and

ruling on the motion, and strict compliance with the requirements of Rule 604(d)." On remand, defendant was assigned new counsel. Later, during a status hearing, defendant's new postplea counsel informed the court defendant did not request "a hearing to reconsider [the trial court's] prior order" but was "just standing on the motion and prior arguments[.]" The trial court denied defendant's motion, defendant appealed, and this court again summarily remanded, finding the trial court "erred when it denied defendant's post-plea motion without holding a new motion hearing, as required by the remand order."

¶ 9        After the second remand, defendant was assigned new postplea counsel who filed a proper Rule 604(d) certificate. This attorney did not amend the motion to withdraw guilty plea filed by defendant's original postplea counsel. On October 3, 2019, the trial court conducted a hearing on defendant's motion. At the beginning of the hearing, postplea counsel informed the court "everything that happened at the *** hearing[s] from 2015 *** we'll be stipulating that that would be the same that would be happening today." Postplea counsel continued, "[e]ssentially we would be stipulating to that testimony and arguing here about that." Postplea counsel then argued in support of defendant's motion. During his argument, postplea counsel stated:

> "And additionally, your Honor, [defendant] was misadvised and it wasn't knowing and voluntary regarding his consequences on proceeding to trial. And first I would say that he was told that he can receive up to 45 years in prison and he would receive 22 years if he ended up plea of guilty. That's—and it's a minor point, but I do think it's important as far as knowing and voluntary. It's never 45 and it was never 22. It's a—these are 50 percent sentences, and no one[']s claiming anybody really got hurt here so there'd be no 85. This is a 50 percent sentence, so really right off the bat they're both misapprehending and he's misapprehending the

potential consequence of the 45-year sentence that his attorney is telling him versus a 22 and a half year sentence which is the maximum that he ever could have gotten." At the conclusion of the hearing, the court denied defendant's motion.

¶ 10        This appeal followed.

¶ 11                                        II. ANALYSIS

¶ 12        On appeal, defendant argues the trial court erred in denying his motion to withdraw his guilty plea and postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 13    A. The Trial Court Did Not Err in Denying Defendant's Motion to Withdraw Guilty Plea

¶ 14        Defendant first argues the trial court erred in denying his motion to withdraw his guilty plea. According to defendant, his motion should have been granted because defense counsel's "ineffectiveness induced him to plead guilty in that counsel failed to investigate witnesses material to his defense." We review the court's decision to deny defendant's motion for an abuse of discretion. *People v. Glover*, 2017 IL App (4th) 160586, ¶ 29, 85 N.E.3d 815.

¶ 15        "A defendant does not have an absolute right to withdraw his guilty plea [citation], but a defendant should be allowed to withdraw his plea where his plea was not constitutionally entered." *People v. Manning*, 227 Ill. 2d 403, 412, 883 N.E.2d 492, 498 (2008). "A defendant may challenge the constitutionality of his guilty plea *** by alleging that the plea of guilty was not made voluntarily or with full knowledge of the consequences." *Id.* "Whether defendant's plea was knowingly and voluntarily made depends on whether the defendant had effective assistance of counsel." (Internal quotation marks omitted.) *Id.*

¶ 16        "A claim that a defendant was denied his constitutional right to effective assistance of counsel is generally governed by the familiar two-pronged test established in *Strickland* [*v.*

*Washington*, 466 U.S. 668 (1984)].” *People v. Brown*, 2017 IL 121681, ¶ 25, 102 N.E.3d 205. Under *Strickland*, to establish ineffective assistance of counsel, a defendant must show “that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's deficient performance.” *Id.* “In order to prevail on a claim of ineffective assistance, a defendant must satisfy both the performance and the prejudice prongs” of the ineffective assistance of counsel analysis. (Internal quotation marks omitted.) *Manning*, 227 Ill. 2d at 418. “Accordingly, a court considering a claim of ineffective assistance need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.” (Internal quotation marks omitted.) *People v. Edwards*, 195 Ill. 2d 142, 163, 745 N.E.2d 1212, 1224 (2001). Here, defendant cannot establish he was prejudiced by defense counsel's alleged errors.

¶ 17 To establish prejudice in the guilty plea context, a defendant must demonstrate “there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.” (Internal quotation marks omitted.) *Brown*, 2017 IL 121681, ¶ 26. “[A] conclusory allegation that a defendant would not have pleaded guilty and would have demanded a trial is insufficient to establish prejudice for purposes of an ineffectiveness claim.” (Internal quotation marks omitted.) *Id.* “Rather, the defendant's claim must be accompanied by either a claim of innocence or the articulation of a plausible defense that could have been raised at trial.” *People v. Hall*, 217 Ill. 2d 324, 335-36, 841 N.E.2d 913, 920 (2005). “[T]he question of whether counsel's deficient representation caused the defendant to plead guilty depends in large part on predicting whether the defendant likely would have been successful at trial.” *Id.* at 336.

¶ 18 According to defendant, he was prejudiced by defense counsel's failure to

"discover that Hibler believed that Johnson and Murray returned to his vehicle together from the street and possibly carrying a backpack." Further, as a result of defense counsel's alleged failure, counsel was unable to "explain to [defendant] that this evidence would lend crucial weight to the potential defense that [defendant] was not involved in the offense as Murray and Johnson committed the armed robberies." Defendant concludes, if he had been informed of Hibler's statement, he would have proceeded to trial and raised this defense in light of the "deficiencies plaguing the State's case." After reviewing the evidence which likely would have been produced at a trial, we disagree that Hibler's statement provided defendant a plausible defense to the State's charges.

¶ 19    The defense which defendant claims he would have raised at a trial is based entirely on Hibler's statement. However, we note Hibler's statement is contradicted by the statements given by Johnson and Maxwell, both of whom reported that defendant and Murray approached Hibler's car together while Johnson approached the car alone and from a different direction. More importantly, the evidence against defendant was overwhelming. Mere minutes after the robberies, police stopped a Lincoln Town Car matching the description provided by one of the victims and in which defendant was a passenger. When police searched the car, they discovered a handgun and the stolen backpack. Although four other people were also in the car with defendant, the victims positively identified Murray and defendant, not Murray and Johnson, as the two men who robbed them. Additionally, Murray, who ultimately pled guilty to one of the robberies in a separate case, identified defendant as the second person involved in the robberies. This evidence was more than sufficient to overcome any doubt of defendant's guilt which might have been raised by Hibler's statement, even in light of the "deficiencies" from which defendant claims the State's case suffered. Accordingly, defendant was not prejudiced by defense counsel's failure to investigate

Hibler's statement, and the trial court properly denied defendant's motion to withdraw his guilty plea.

¶ 20                              B. Postplea Counsel Complied with Rule 604(d)

¶ 21          Defendant next argues postplea counsel failed to strictly comply with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Specifically, defendant argues postplea counsel "failed to adequately present [defendant's] claims and did not make the necessary amendments to the motion to withdraw [his] guilty plea." Defendant does not argue postplea counsel's certificate is facially deficient but instead argues "the record demonstrates [postplea counsel] did not actually comply with the substantive requirements demanded by Rule 604(d)." We review counsel's compliance with Rule 604(d) *de novo*. *People v. Grice*, 371 Ill. App. 3d 813, 815, 867 N.E.2d 1143, 1145 (2007).

¶ 22          Rule 604(d) sets forth the procedures to be followed when a defendant who entered a guilty plea subsequently moves to reconsider his sentence or to withdraw his guilty plea. *Id.* The rule provides, in relevant part:

> "The motion shall be in writing and shall state the grounds therefor. When the motion is based on facts that do not appear of record it shall be supported by affidavit ***. *** The trial court shall then determine whether the defendant is represented by counsel, and if the defendant is indigent and desires counsel, the trial court shall appoint counsel.
>
> *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and

both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings.

*** Upon appeal any issue not raised by the defendant in the motion to reconsider the sentence or withdraw the plea of guilty and vacate the judgment shall be deemed waived. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 23　"It is well established that the attorney's certificate must strictly comply with the requirements of Rule 604(d)." *People v. Calleros*, 2018 IL App (2d) 151256, ¶ 3, 127 N.E.3d 75. If the certificate does not comply with Rule 604(d), the reviewing court must "remand to the circuit court for the filing of a new motion to withdraw guilty plea *** and a new hearing on the motion." *People v. Janes*, 158 Ill. 2d 27, 33, 630 N.E.2d 790, 792 (1994). However, "even when the certificate is valid on its face, a remand will be necessary if the record refutes the certificate." *People v. Winston*, 2020 IL App (2d) 180289, ¶ 14, 155 N.E.3d 1125.

¶ 24　According to defendant, the record refutes postplea counsel's Rule 604(d) certificate and demonstrates counsel "failed to amend [defendant's] 2015 motion to present in writing the additional good-time-credit claim that [postplea counsel] argued at the motion-to-withdraw hearing." Specifically, defendant asserts postplea counsel failed to amend the motion to include a claim that "[defense counsel] misrepresented to [defendant] that he would not receive good-time credit if he proceeded to trial and received a 45-year sentence." However, we find defendant's argument fails because postplea counsel's "good-time-credit claim" lacked any evidentiary support.

¶ 25　As noted above, during the hearing on defendant's motion, postplea counsel argued:

"And additionally, your Honor, [defendant] was misadvised and it wasn't

- 10 -

knowing and voluntary regarding his consequences on proceeding to trial. And first I would say that he was told that he can receive up to 45 years in prison and he would receive 22 years if he ended up plea of guilty. That's—and it's a minor point, but I do think it's important as far as knowing and voluntary. It's never 45 and it was never 22. It's a—these are 50 percent sentences, and no one's claiming anybody really got hurt here so there'd be no 85. This is a 50 percent sentence, so really right off the bat they're both misapprehending and he's misapprehending the potential consequence of the 45-year sentence that his attorney is telling him versus a 22 and a half year sentence which is the maximum that he ever could have gotten."

The only factual assertion in this portion of postplea counsel's argument was that defendant "was told that he can receive up to 45 years in prison and he would receive 22 years if he *** plea[ded] *** guilty." Both parties agree that, in making this assertion, postplea counsel was referencing a portion of defendant's testimony from the original hearing on his motion to withdraw. During that hearing, the following colloquy occurred between defendant and his first postplea counsel:

"Q. At some point did [defense counsel] give you an ultimatum about going to trial or taking a plea?

A. Yes. He told me—he was like well if you go to trial then you're going to get 45 and we're going to lose and he told me if I take the plea that I'll get good time and, you know, it will be—it will—I'll basically be getting less. I'll be getting 22 years. It will be with good time. Like I say I never—I didn't know anything about the plea until I got in the courtroom or in—in—the satellite. Then when I got here he was like man this is it. There's no more continuances so you either take the plea or go to trial and if you go to trial they're going to give you 45 years. You're

- 11 -

going to lose. So it was like I was kind of stuck between a rock and a hard place." This testimony does not support the "good-time-credit claim" defendant argues postplea counsel raised in his argument. Examining defendant's testimony closely, it appears that defense counsel simply informed defendant he would be eligible for good-time credit if he pleaded guilty and the maximum sentence the trial court could impose following a trial was 45 years. Defendant did *not* testify defense counsel told him he would not be eligible for good-time credit if he proceeded to trial and was found guilty. Thus, postplea counsel's argument was without any evidentiary basis.

¶ 26 Because postplea counsel's "good-time-credit claim" was without a factual basis, he was not obligated under Rule 604(d) to amend defendant's motion to withdraw his plea to include the claim. Accordingly, we reject defendant's claim that postplea counsel failed to comply with Rule 604(d).

¶ 27 III. CONCLUSION

¶ 28 For the reasons stated, we affirm the trial court's judgment.

¶ 29 Affirmed.